ROSIE MARGARET GIACONNA LOWE V. STATE.

No. 29,741. April 16, 1958.

William H. Scott, Houston, for appellant.

Dan Walton, District Attorney, Lee P. Ward and Thomas D. White, Assistants District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 5 years.

Officer Free of the narcotics division of the Houston police force testified that on the date in question he and Officers French, Shelton, Miller, and Smith placed themselves on the property of the Mission Manufacturing Company so that they might watch Cabin 19 in the Mecca Tourist Courts which were located across Jensen Drive, that they remained in such position for approximately twelve hours prior to the arrest of the appellant. He testified that shortly before 9:00 P.M. he observed Mary Louise Lester come out of cabin 19 with a brown paper sack in her hand and watched her deposit it near a water pump on the tourist court property; that shortly thereafter the appellant, with whose identity he had been familiar for approximately 18 months, came out of the cabin, also carrying a brown paper sack, and placed it under the northwest corner of the cabin in question, and soon thereafter both women drove away from the cabin in company with a male companion and a baby. He stated that he and his fellow officers waited about five minutes until the same automobile returned, and as it drove up to the cabin the parties were placed under arrest; and he went to the water pump and recovered the sack; and a fellow officer went to the northwest corner of the cabin and recovered the other sack. In the first sack, they found three tobacco cans full of what appeared to be marijuana, and, in the second (from the northwest corner of the building), they found two tobacco cans with the same contents. Another can was found under the steps of Cabin 19. The custody of the cans was traced, and their contents were identified by Chemist Tullis as 200 grams of marijuana.

Appellant, testifying in her own behalf, denied that she had been in the cabin prior to her arrest and denied having placed the paper sack under the corner of the building. Her defense was predicated upon the contention that the lighting on the tourist court premises was such that the officers could not have seen the persons who placed the sacks well enough to identify them. She was supported in her testimony by her male companion, the driver of the automobile, and the owner of the tourist court. Appellant placed her reputation in issue.

On rebuttal, the state called Officers Shelton and French, who corroborated Officer Free's testimony.

The jury resolved the conflict in the evidence against the appellant, and we find the evidence sufficient to support their verdict.

There are no formal bills of exception in the record, and no question is raised as to the correctness of the court's charge.

In her brief, the appellant complains of the cross-examination of her reputation witness Colonel James J. Shown. He was asked if he had *heard* the the appellant and her husband had been arrested "in connection with a safe burglary of the Rite-Way store," to which a general objection was leveled. In Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513, we had occasion to reaffirm the prior holdings of this court to the effect that "the state may ask a witness who has testified to the defendant's good reputation whether or not he has heard of specified instances of misconduct of appellant, this for the purpose of testing his knowledge of such reputation and his sincerity, and measuring the weight to be attached to his testimony."

She further complains that the court permitted Officer Free and Shelton to testify that appellant's reputation was bad. Free testified that he had talked to some of the appellant's neighbors, who were also informers for the police department, and Shelton testified that he had talked to her neighbors, and particularly a Mr. Brooks. We find no error reflected by this testimony.

Finding no reversible error, the judgment of the trial court is affirmed.