**Ruben Cruz VELA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35324.

Court of Criminal Appeals of Texas.

Feb. 20, 1963.

Charles A. Tucker, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is the unlawful possession of a narcotic drug; the punishment, life imprisonment.

Acting upon the information of an informant, several narcotic officers of the Houston police department went to a vacant lot and found a foil wrapped package in some weeds near a utility pole. The officers' inspection of the package revealed that it contained 101 capsules, which were later identified as heroin. Inserting an identifying slip into the package, they re-turned it to its original position and secreted themselves nearby.

After waiting approximately fifteen minutes, they observed a car stop near the pole. The appellant and two others got out of the back seat and approached the package. Hermosillo, one of the appellant's companions, picked up the package, and the group examined it. As they turned and started towards the car, the officers converged on them. Hermosillo threw the package into some weeds, and the three started to run in different directions, but were apprehended, along with the three who had remained in the car.

It was shown that Hermosillo had already plead guilty to the offense of possessing the same narcotics and had been convicted.

The appellant did not take the witness stand, and there were no objections made to the charge and no formal bills filed.

In his brief, appellant questions the sufficiency of the evidence to sustain the conviction, it being urged that the State failed to introduce any proof of possession, care, control or management by him of the heroin and did not show that appellant had any acquaintance, association or connection with Hermosillo.

Reliance is had upon Martinez v. State, Tex.Cr.App., 340 S.W.2d 56; Pelham v. State, 164 Tex.Cr.R. 226, 298 S.W.2d 171; and Brock v. State, 162 Tex.Cr.R. 339, 285 S.W.2d 745.

In Martinez, supra, the holding of this Court was that there was no evidence to connect the appellant with a marijuana cigarette found 10 feet away from the car appellant was about to enter, nor was there any proof to connect appellant with the marijuana found in the car. There was nothing to show that appellant had ever been in the car.

In Pelham, supra, the case was not submitted to the jury on the law of principals, and the majority opinion of this Court held

that only the narcotics found upon his person were considered in passing upon the sufficiency of the evidence.

In Brock, supra, there was no direct evidence to connect appellant with the narcotics discovered in a public rest room, under his management, and every reasonable hypothesis other than possession by the appellant was not excluded.

In the case at bar, the trial judge charged the jury to find the appellant guilty if, from the evidence, they found beyond a reasonable doubt that he "either alone or acting with another or others, did unlawfully possess a narcotic drug, to-wit, heroin * * *."

He additionally gave a full charge on principals.

The evidence is sufficient to show that the parties arrived together in the same automobile and went directly to the cache. The package was opened and inspected by all three, and, after rewrapping it, they left as a group. When the officers made their presence known, Hermosillo threw it down, and all began running. Under these facts, the jury was justified in finding that the appellant and his companions jointly possessed the heroin. See: Perry v. State, 167 Tex.Cr.R. 122, 297 S.W.2d 187; Lowe v. State, 166 Tex.Cr.R. 116, 312 S.W.2d 382; Garcia v. State, 166 Tex.Cr.R. 482, 316 S.W.2d 734; and Davila v. State, Tex. Cr.App., 335 S.W.2d 610.

■ Appellant next complains of State's Exhibit No. 1, the judgment and sentence in Cause No. 10,529, introduced to show the prior conviction alleged for enhancement in the indictment. The indictment alleged two prior convictions for non-capital felonies, to-wit: murder without malice. The judgment and sentence in No. 10,529 reflect a conviction for murder.

Appellant objected to the introduction of these records on the grounds that they were hearsay and the person certifying their authenticity was not there to identify them.

After the State rested, he moved for an instructed verdict of not guilty upon the grounds of variance. The trial judge, once the error was called to his attention, dismissed the enhancement aspects of the indictment and submitted the case only on the primary offense. He also charged the jury not to consider the prior convictions for any purpose.

We cannot distinguish this case from those of Spencer v. State, Tex.Cr.App., 237 S.W.2d 990, and Johnson v. State, 163 Tex. Cr.R. 185, 289 S.W.2d 593.

In Spencer, supra, the State failed to prove the prior conviction alleged for enhancement, and a motion for mistrial was made. The court withdrew it from the jury's consideration and charged on the primary offense alone. We quote from Spencer:

"Absent a showing of bad faith on the part of the State in offering evidence in support of such count relating to the prior conviction, this Court would not feel called upon to reverse a conviction merely because the State failed to make out its case as to said count."

In Johnson, supra, the State failed to prove one of three counts charged in the information.

"In the absence of a showing of bad faith on the part of state's counsel, we would not be warranted in reversing the conviction, because the jury was informed that appellant was charged with an offense in the third count in which it developed the state could not prove."

On motion for new trial, the assistant district attorney who tried the case took the stand and explained his actions in introducing the judgment and sentence. The judgment showed that appellant had waived a jury trial and plead guilty, receiving a sentence of five years in the penitentiary. The assistant district attorney contended that this proved that it could not be a

capital offense and thus could be used for enhancement in a non-capital case. He added: " * * * it is my belief that this is a non-capital case, since the jury was waived, and I would try to introduce the judgment again, and I acted in good faith in doing so * * *."

We need not pass on the validity of the assistant district attorney's contention, but need only note that a lack of good faith was not shown by the appellant, and proof of good faith was offered by the State.

No reversible error appearing, the judgment is affirmed.