[No. 38375.     Department One.     December 29, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD DEAN, *Appellant.*\*

*Joseph Meagher,* for appellant (Appointed counsel for appeal).

*Robert E. Schillberg* and *Richard Cole,* for respondent.

PER CURIAM.—By information, the prosecuting attorney for Snohomish County charged defendant in one count of forging and uttering a forged check in the amount of $46, drawn on the Siegel Auto Wrecking checking account with the Greenwood Branch of the Seattle-First National Bank,

\*Reported in 422 P.2d 311.

payable to one Richard M. Wyatt. From a judgment of guilty and sentence to not more than 20 years' imprisonment entered upon a jury verdict of guilty, defendant appeals. His two assignments of error challenge the sufficiency of the evidence and one of the instructions.

Defendant claims the evidence insufficient to make a prima facie case against defendant. But, in our opinion, the record reveals an abundance of credible evidence to support all elements of the crime of forgery as charged in the information and upon which to convict the defendant.

This evidence included proof of the theft of a number of blank Siegel Auto Wrecking Company checks, knowledge of the theft, and possession of the check described in the information by the defendant. Proven also was one Richard M. Wyatt's loss by theft or inadvertence of his wallet containing his driver's license and other identification, and possession of these data by defendant prior to his cashing the check. Direct evidence from a witness who testified she cashed the check at a tavern in Snohomish County where defendant presented it to her would appear to supply proof of all elements essential to support a conviction.

This latter witness testified in detail that she had observed the defendant and his companion earlier at the bar of the establishment where she was then working and that the defendant asked her if she would cash a check. She said that she noted it to be a payroll check and this tended to establish its authenticity in her mind, but, because the maker's telephone number prefix printed on the check did not appear to be in current use in that area, she sought further identification. She asked the defendant for identification, and he took out of his wallet a strip of plastic identification cards, including a driver's license in the name of Richard M. Wyatt. She looked at two or three of the identification cards before cashing the check. The witness says she wrote the operator license number of Richard M. Wyatt on the check, endorsed the check with the tavern's stamp, initialed it, and gave defendant the money. At trial, she pointed out defendant as the man who presented the check and the identification of Richard M. Wyatt to her.

Defendant Dean testified that his friends had turned Richard Wyatt's wallet over to him; that he accepted it only with the idea of doing Wyatt a favor by returning it; that he alone took the Wyatt wallet and check into Penney's to deceive his friends but did not attempt to cash the check or employ the Wyatt identification papers; and that he surrendered the check and wallet to his friends after coming out of Penney's store. He admitted that he had written the name of "George Siegel" on the face of the check as maker and endorsed the name of Richard M. Wyatt on the reverse as payee, but that these acts had occurred in King County and he had done so with no intention of permitting the check to be cashed, but rather with the idea of stalling for time until he could have an opportunity to destroy the check and to return to Mr. Wyatt his wallet and identification papers. This record, we think, establishes a prima facie case and supports the verdict.

Defendant directs his other assignment of error to instruction No. 4, and argues that, under this instruction, the jury could have found the defendant guilty of either forging or uttering the check in Snohomish County, whereas all of the evidence showed that the act of forging the check took place in King and not Snohomish County. We need not consider this instruction or the points raised by this assignment, for, as we have observed earlier, the jury had ample evidence from which to find that the defendant, while in Snohomish County, had possession of a forged check, and, knowing it to be false and forged, intentionally uttered it.

We do not suggest that instruction No. 4 was erroneous, but note that the record does not show that defendant ever pointed out to the trial court any claim of error concerning it or excepted to it, or offered any alternative instruction or took exception to the court's refusal to give any offered instructions.

This court has held time and again that—except under the most grave and far-reaching circumstances, when to do otherwise would result in a palpable miscarriage of justice—it will not review claims of error as to

instructions given or refused unless the trial court has been given timely opportunity to consider and correct the alleged error. *State v. Louie,* 68 Wn.2d 304, 413, P.2d 7 (1966).

Affirmed.