[No. 38908. Department One. February 2, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES T. SILVERS, *Appellant*.*

*Reported in 423 P.2d 539.

*George F. Velikanje,* for appellant (Appointed counsel for appeal).

*Lincoln E. Shropshire* and *Walter B. Dauber,* for respondent.

OTT, J.—October 13, 1965, a warrant was issued to search the residence of James T. Silvers for the following items alleged to have been stolen: One 300 Savage rifle; one Silvertone portable stereo record player; and one Admiral 11-inch portable television set. When the premises were searched, the rifle and the portable stereo were found. One of the officers noted a new Philco television set and asked Mr. Silvers if it was stolen property. Mr. Silvers said that he did not know, and reached behind the set, took from it the identification tag and gave the tag to the officer, saying: "Take this ticket and check it and see if it's stolen."

Subsequent investigation established that the Philco television set had been stolen from the Valu Mart and that, when Mr. Silvers acquired it, he was advised by the seller that it was stolen property. The officers returned to the Silvers residence. Officer Jones knocked on the door and "Mr. Silvers opened the door and invited us in." The officers informed Mr. Silvers that the Philco television set had been stolen. "Mr. Silvers was very cooperative" and gave the officers permission to take the set.

Thereafter Mr. Silvers was arrested on two counts of grand larceny for receiving, concealing, or withholding (1) the stolen portable stereo record player, and (2) the stolen Philco television set.

Mr. Silvers employed counsel to represent him. The jury returned a verdict of petit larceny on count 1 and grand larceny on count 2. From the judgment and sentence entered upon the jury's verdict, Mr. Silvers has appealed.

On appeal, the appellant (now represented by court appointed counsel) asserts that the Philco television set was obtained as a result of an illegal search and seizure.

■ When the stolen television set was offered as evidence, appellant made no objection to the item being admitted. This court has consistently held that, to preserve an alleged trial error for appellate review, a defendant must timely object to the introduction of the evidence or move to suppress it prior to or during the trial. Failure to challenge the admissibility of proffered evidence constitutes a waiver of any legal objection to its being considered as proper evidence by the trier of the facts. *State v. Baxter*, 68 Wn.2d 416, 413 P.2d 638 (1966); *State v. Jackovick*, 56 Wn.2d 915, 355 P.2d 976 (1960); *State v. Robbins*, 37 Wn.2d 431, 224 P.2d 345 (1950); *State v. Dersiy*, 121 Wash. 455, 209 Pac. 837 (1922).

■ Error predicated upon evidence allegedly obtained by an illegal search and seizure cannot be raised for the first time on appeal. *State v. Hartness*, 147 Wash. 315, 265 Pac. 742 (1928). See, also, *State v. Johnson*, 69 Wn.2d 264, 418 P.2d 238 (1966); *Cement Distribs., Inc. v. Western Aggregates*, 68 Wn.2d 640, 414 P.2d 789 (1966); *State v. Reano*, 67 Wn.2d 768, 409 P.2d 853 (1966); *State v. Hammond*, 64 Wn.2d 591, 392 P.2d 1010 (1964); *Ledgering v. State*, 63 Wn.2d 94, 385 P.2d 522 (1963); *State v. Vindhurst*, 63 Wn.2d 607, 388 P.2d 552 (1964). We find no merit in this assignment of error.

Appellant next assigns error to the court's giving of instruction No. 7 contending that the instruction contained a court comment on the evidence, which is prohibited by Const. art. 4 § 16. The record establishes that, in the court's chambers, counsel for the state and for the appellant had a conference with the trial judge relative to the instructions which should be given to the jury. After court and counsel had considered the instructions, including instruction No. 7, the court asked each counsel:

THE COURT: Do you have any exceptions to the Instructions now, Mr. Hogan? MR. HOGAN: No, I have no

exceptions. THE COURT: Do you have any exceptions, Mr. Shoemaker? MR. SHOEMAKER: No exceptions.

■ When instructions are given without exception thereto by either party, they become the law of the case and are not subject to review upon appeal, except when the failure to consider the alleged error would constitute a grave miscarriage of justice. *State v. Dean, ante* p. 66, 422 P.2d 311 (1966).

In the instant case, the state's witnesses Dunn and Sires testified they had stolen the television set from the Valu Mart. The fact that the television set was stolen property and belonged to Valu Mart was not contested. Appellant's sole defense was that he had no knowledge that it was stolen property when he purchased it. The questioned instruction stated as a fact that "the property described in the Amended Information was appropriated by another than the defendant with the intent to deprive and defraud the owner thereof." Applying the test announced in *State v. Dean, supra,* the giving of the instruction under the facts of this case did not constitute a miscarriage of justice because the only evidence in the case relating to ownership was that the Philco television set belonged to Value Mart, and had been "appropriated by another than the defendant [appellant]." We find no merit in this assignment of error.

■ Appellant next asserts that the attorney whom he had employed was incompetent and that because of his attorney's incompetence he was denied a fair trial. We do not agree. An attorney who has been admitted to practice law in the state of Washington is presumed to be of sufficient skill and learning to adequately defend a person accused of a crime. *State v. Graeber,* 46 Wn.2d 602, 283 P.2d 974 (1955). In the instant case, the appellant employed an attorney of his choice. He selected one who was a graduate of an accredited law school and who has practiced law in the state of Washington continuously since the 19th day of September, 1952. His attorney served as the police judge for the city of Yakima from 1958 to 1962 and as justice of the peace from 1954 through 1962.

■ In *State v. Mode*, 57 Wn.2d 829, 833, 360 P.2d 159 (1961), the court said: "Mistakes or errors of judgment do not establish the violation of a constitutional right." The constitution quarantees a defendant a fair trial, not a perfect trial. *State v. Willis*, 67 Wn.2d 681, 409 P.2d 669 (1966). The two items of error discussed above are the items upon which appellant relies to establish his attorney's incompetence.

Whether the attorney for the appellant, under the facts of this case, should have moved to suppress the evidence because the search was allegedly illegal, involved the exercise of discretion. "If the choice was wrong, it was no more than an error of judgment. Such decisions must rest exclusively in trial counsel." *State v. Mode, supra.* The evidence was conclusive that the appellant waived the necessity of a search warrant by inviting the officers to determine whether the property was stolen and by inviting them into the premises after they had made the determination. The same reasoning applies to counsel's approval of the giving of instruction No. 7. Defense counsel in approving of this instruction conceivably could have reasoned that the instruction was beneficial to his client in that it expressly told the jury that the appellant had not stolen the property. This conclusion is further supported by the fact that appellant's defense was predicated upon the theory that he had not stolen the television set, that he purchased the property from persons he believed to be the owners thereof, and that he had no knowledge that the set was in fact stolen. Our reading of the record convinces us that the appellant was ably represented by competent counsel and received a fair trial.

Judgment is affirmed.

HILL, ROSELLINI, and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.

March 28, 1967. Petition for rehearing denied.