[No. 39259. Department One. December 14, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. MARVIN RAPHAEL
HARRISON, *Appellant*.*

*Robert A. Castrodale*, for appellant (appointed council for appeal).

*Charles O. Carroll* and *Bruce D. Brunton*, for respondent.

HILL, J.—This is an appeal from a conviction of first-degree forgery. Briefs for the appellant have been filed, both by the appellant and by his counsel.

There is no question of guilt or innocence; the evidence amply sustains the verdict of guilty. The issues raised on this appeal relate only to claimed trial errors.

*Reported in 435 P.2d 547.

It is urged that it was error to admit in evidence,

[T]wo extraneous checks (Ex. 2 and 4) which defendant presented for payment around the same time [and at the same place] as the check on which he was charged.[1]

The check on which the first-degree forgery was based was the personalized check[2] of L. C. Livingstone for $120, drawn on the Central Branch of the National Bank of Commerce, with the forged signature of "L. C. Livingstone." It was payable to the appellant, Marvin R. Harrison, who presented it at the Third and James Street Branch of the same bank, endorsed it, and received the money. We shall refer to this as check A.

Another check was admitted in evidence, likewise a personalized check of L. C. Livingstone for $75, likewise on the Central Branch, again with the forged signature of "L. C. Livingstone." It was payable to the appellant, Marvin R. Harrison, who also presented it at the Third and James Street Branch and received the money, but (through oversight on the part of the teller) without endorsing the check. We shall refer to this as check B.

A third check was admitted in evidence—a personalized check of H. L. Willers for $75, drawn on the Northgate Branch of the National Bank of Commerce, signed "Harald L. Willers." It was payable to the appellant, Marvin R. Harrison, who presented it at the Third and James Street Branch, endorsed it, and received the money. There was no testimony as to whether or not the signature of Harald L. Willers was a forgery. We shall refer to this as check C.

A handwriting expert testified that checks A and B were signed by the same person; that L. C. Livingstone did not write or sign either of them.

Checks B and C were offered for the purpose of handwriting comparison and as evidence to show identity, motive, common scheme or plan, and intent, and to negate any

---

[1]Brief of appellant's counsel, page 5.

[2]By personalized check is meant a check on which the name of the person authorized to draw checks on the account is imprinted on the face of each check.

claim of accident or mistake. The trial court admitted them into evidence for all purposes.

No instruction was proposed or requested by the appellant, limiting the use to which they could be put in the considerations of the jury.

 The right of the state to introduce evidence of other unrelated crimes under certain circumstances is well established, and this case falls within those circumstances. *State v. Jeane,* 35 Wn.2d 423, 213 P.2d 633 (1950). The exceptions to the general rule that evidence of other crimes is not admissible are numerous and cannot be enumerated categorically. The five exceptions to which we most frequently refer are not exclusive, and are merely the classifications into which most cases fall. These five exceptions are: (1) motive; (2) intent; (3) the absence of accident or mistake; (4) a common scheme or plan; or (5) identity. *State v. Goebel,* 36 Wn.2d 367, 369, 218 P.2d 300 (1950). Later cases listing the five exceptions include *State v. Russell,* 70 Wn.2d 552, 424 P.2d 639 (1967); *State v. Leohner,* 69 Wn.2d 131, 134, 417 P.2d 368 (1966); *State v. Vindhurst,* 63 Wn.2d 607, 612, 388 P.2d 552 (1964); *State v. Sayward,* 63 Wn.2d 485, 488, 387 P.2d 746 (1963); *State v. Evans,* 57 Wn.2d 288, 292, 356 P.2d 589 (1960).

We are satisfied that checks B and C came within the permissible exceptions named. The appellant Harrison presented checks A, B, and C at the same branch bank within a 3-week period of time, and received the proceeds of each. Check B tends to establish a plan or scheme, a motive, intent, identity, and the absence of accident or mistake, as does check C if it be regarded as evidence of another crime. In any event, it tends to establish identity since the endorsement, being that of the defendant, provides a known signature for examination.

There was no error in admitting checks B and C in evidence.

It is urged that the deputy prosecutor overstepped the limits of proper argument in stating that the appellant "had been at this type of thing for fifteen years," and in urging

upon the jury that more than one crime had been committed.

We would point out, first, that no exception was taken to any argument made by the prosecuting attorney, nor was there any request to strike any portion of his argument from the record, or to instruct the jury to disregard any portion of it.

■ As recently as *State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966), we again stated our frequently reiterated rule that a defendant must object to the argument complained of and must give the trial court a timely opportunity to correct any error.

■ However, as the appellant raises this issue per se, we point out that the appellant took the stand and his prior rather extensive criminal record, which dates back 15 years, was before the jury. The prosecutor's reference was as to appellant's credibility, and his statement was:

Are you going to believe Harrison's story when he has been at this type of thing for fifteen years, . . . .

and then followed an enumeration of the convictions for forgeries, larcenies, misuse of credit cards, etc.

It was legitimate argument on the issue of credibility, and it is for the purpose of its effect on credibility that the evidence of former convictions is admissible.

The other item of argument objected to was the claimed intimation of another crime, *i.e.,* the forging of other checks. Here, after it had been argued by defense counsel that the appellant had not signed any of the checks, the prosecutor in rebuttal merely pointed out the evidence to the contrary.

The final assignment of error to be considered is that instruction No. 6 should not have been given. That is a stock instruction which advises the jury that the fact that a defendant has previously been convicted of a crime is not, of itself, any evidence of his guilt in the present case, but that it is a circumstance which may be weighed and considered in the determination of what weight or credibility should be allowed his testimony.

This instruction is generally regarded as helpful to a defendant whose criminal record is before the jury. The appellant's counsel apparently so regarded it at the time it was given, since no exception was taken to it. This, of course, precludes any consideration of claimed error on appeal, except where a failure to consider the alleged error would constitute a grave miscarriage of justice. *State v. Silvers*, 70 Wn.2d 430, 423 P.2d 539 (1967); *State v. Dean*, 70 Wn.2d 66, 422 P.2d 311 (1966).

The judgment of conviction appealed from is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and OTT, J. Pro Tem., concur.

January 31, 1968. Petition for rehearing denied.