Dr. George J. BETO, Director, Texas Department of Corrections, Appellant,

v.

Don A. STACKS, Appellee.

No. 25751.

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1969.

Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Hawthorne Phillips, Lonny F. Zwiener, Asst. Attys. Gen., for appellant.

Mack Kidd, Austin, Tex., for appellee.

Before GEWIN, PHILLIPS* and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

Don A. Stacks, appellee herein, convinced the court below that a constitutional malediction in his one-stage recidivist trial entitled him to a writ of habeas corpus. We agree that the hallowed writ was properly issued.

The background of Stack's trial is as follows. In July of 1960, appellee was indicted by the Grand Jury of Travis County, Texas for the offense of robbery by assault.[1] The indictment al-

---

* Judge HARRY PHILLIPS of the Sixth Circuit, sitting by designation.

1. Tex.Pen.Code Ann. art. 1408 (1953):
   If any person by assault, or violence, or by putting in fear of life or bodily

leged the robbery offense in paragraph one and a prior conviction for felony theft in paragraph two. Under Article 62 of the Vernon's Ann. Texas Penal Code, a prior felony conviction may be used to enhance or increase a sentence if the prior conviction is "of the same nature" as the primary offense charged in the indictment.[2] Since robbery and theft are "of the same nature"[3] Stack would have received an enhanced sentence of life imprisonment had he been convicted. As it turned out, however, the submission of Stack's case resulted in a hung jury and a mistrial was declared.

In January, 1961, Stack was indicted once again for robbery by assault. This time appellee was indicted under Article 63 of the Texas Penal Code,[4] and two prior convictions, instead of one, were used for enhancement purposes. In addition to the felony theft conviction, the new indictment charged Stack with a 1957 conviction for violation of the Federal Narcotics Act. At trial, both convictions were read to the jury and proved in evidence.[5] Stack was then found guilty and the judge imposed the mandatory sentence of life imprisonment.

In February, 1967, appellee's conviction for violation of the Federal Narcotics Act was declared null and void by a federal district court under authority of Elkins v. United States, 1960, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, and Euziere v. United States, 10 Cir. 1957, 249 F.2d 293. The conviction was set aside because narcotics introduced at appellee's trial had been unlawfully seized

injury, shall fraudulently take from the person or possession of another any property, with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years.

2. Tex.Pen.Code Ann. art. 62 (1952):
   If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases.

3. Thompson v. State, 1960, 170 Tex.Cr. R. 258, 339 S.W.2d 209.

4. Tex.Pen.Code Ann. art. 63 (1952):
   Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.

5. The Texas procedure of introducing evidence of past convictions during trial, and the changes which were made in this procedure in 1966, have been summarized by the Supreme Court in Spencer v. Texas, as follows:
   "These procedures were embodied in Vernon's Ann.Texas Code Crim.Proc. Art. 642 (1941), providing as follows: 'A jury being impaneled in any criminal action, the cause shall proceed in the following order: 1. The indictment or information shall be read to the jury by the attorney prosecuting. * * * 4. The testimony on the part of the State shall be offered.' By judicial gloss it appears that, at least in noncapital cases, a defendant by stipulating his prior convictions could keep knowledge of them away from the jury. See Pitcock v. State, Tex. Cr.App., 367 S.W.2d 864. But see the decision below in Spencer v. State, Tex. Cr.App., 389 S.W.2d 304, for the inapplicability of the stipulation rule in capital cases. In the view we take of the constitutional issue before us we consider it immaterial whether or not that course was open to any of the petitioners. Subsequent to the present convictions Texas has passed a new law respecting the procedure governing recidivist cases, the effect of which seems to be that except in capital cases the jury is not given the recidivist issue until it has first found the defendant guilty under the principal charge. Vernon's Ann.Texas Code Crim.Proc. Art. 36.01, effective January 1, 1966. Since these cases were all tried under the older procedure, the new statute is not before us." 385 U.S. 554, 556, n. 2, 87 S.Ct. 648, 650, 17 L.Ed.2d 606.

by state police officers in violation of appellee's Fourth Amendment rights.[6]

Appellee next made application for writ of habeas corpus to the Court of Criminal Appeals of Texas. That court denied his application without written opinion on March 10, 1967.

On October 18, 1967, the United States District Court for the Western District of Texas granted Stack's petition for habeas corpus. The court found that Stack "was denied a fair and impartial trial as guaranteed by the Constitution of the United States and of the State of Texas, due to the fact that said void Federal Narcotics Act conviction was read to the jury upon petitioner's prior trial and was considered by the jury in reaching its verdict therein." A motion for rehearing was denied on December 12, 1967, and this appeal followed.

The State of Texas contends in this court that the writ of habeas corpus should not have issued. It summons various arguments in support of this view, but all, directly or indirectly, depend upon the Supreme Court cases of Spencer v. Texas, 1957, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; and Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. In view of this fact, we use these cases as our point of departure.

In Spencer v. Texas the Supreme Court held in a 5 to 4 decision that allowing prior convictions to be read and proved to the jury for purposes of enhancement during a one-stage recidivist trial was not constitutionally frangible. In thus upholding the constitutionality of the Texas procedure, however, even the majority on the Court recognized its latent prejudice. While they did not believe such prejudice reached constitu-

tional dimensions they did acknowledge the minimal state interest involved in admitting evidence of prior convictions during trial instead of afterwards.

These misgivings were prophetic of Burgett v. Texas, *supra*. Whereas *Spencer* only considered the general "fairness" of the Texas procedure for trying habitual offenders, *Burgett* dealt with its constitutional effects when tainted by the use of a void conviction. The Court found that the use of a constitutionally infirm conviction rendered the one-stage recidivist trial "inherently prejudicial." 389 U.S. 115, 88 S.Ct. 258, 19 L.Ed.2d 319. In vacating the Texas conviction, the Court commented on the differences between *Burgett* and *Spencer*:

"Our decision last term in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, is not relevant to our present problem. In Spencer the prior convictions were not presumptively void. Moreover, the contention was that the guilt phase of the trial was prejudiced by the introduction of the evidence of prior crimes. As the Court noted, '[i]n the procedures before us, * * * no specific federal right—such as that dealing with confessions—is involved; reliance is placed solely on a general "fairness" approach' Id, at 565, 87 S.Ct. at 654, 17 L.Ed.2d at 615. In this case, however, petitioner's right to counsel, a 'specific federal right,' is being denied anew. This Court cannot permit such a result unless Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] is to suffer serious erosion."

The State of Texas argues on this appeal that *Spencer* and not *Burgett* is applicable to the facts of the case before us. As indicated, *infra*, however, we find *Burgett* the relevant authority.[7]

---

6. The circumstances of this seizure are developed in the companion case of Euziere v. United States, 10 Cir. 1959, 266 F.2d 88, reversed, 1960, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720.

7. Appellant also relies on Vela v. Beto, D.C.Tex., Dec. 27, 1966, No. 66–H–932

(unreported), petition for probable cause and leave to file an appeal in forma pauperis denied, 5 Cir., March 9, 1967, No. 673, *cert. denied*, 1967, 389 U.S. 1025, 88 S.Ct. 594, 19 L.Ed.2d 673, arising out of Vela v. Texas, Tex.Cr.App. 1963, 365 S.W.2d 15. *Vela*, however, is

The State's specific contentions are as follows: 1) that appellee was denied no specific "federal right" as that term is used in *Burgett*, 2) that *Burgett* does not apply to the denial of the Fourth Amendment rights because the denial of such rights does not affect the integrity of the fact-finding process, 3) that the cautionary instruction of the trial court to the jury cured any prejudice which might have resulted from the State's improper use of a void conviction, 4) that the absence of prosecutorial bad faith in alleging and proving the narcotics conviction was an antidote to otherwise prejudicial conduct, and 5) that the federal narcotics conviction was surplusage because under Article 62 of the Texas Penal Code appellee's sentence could have been enhanced to life imprisonment solely by the use of the valid theft conviction.

■ In response to appellant's first argument, we do not find Burgett v. Texas distinguishable from the present case on the ground that appellee herein was denied no specific "federal right." Burgett v. Texas, 389 U.S. at 115, 88 S. Ct. 258, 19 L.Ed.2d 319. *Burgett* involved the use for purposes of enhancement of a conviction that was presumptively void under the Sixth Amendment. The present case involves the use of a conviction for purposes of enhancement that is definitely void under the Fourth Amendment. Whatever the differences between these two constitutional rights, and whatever the seriousness of their respective impingements, they are both rights guaranteed by the United States Constitution and made applicable to the states by the Fourteenth Amendment.

Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. As such they are both "specific federal rights" as that term is used in *Burgett*.

■ Appellant's next argument asks us to distinguish *Burgett* from the instant case on the ground that Fourth Amendment rights are of a lesser status than Sixth Amendment rights. While it is true that the use of evidence resulting from an unlawful search and seizure is less likely to affect the integrity of the fact-finding process than the denial of counsel at trial, cf. Linkletter v. Walker, 1965, 381 U.S. 618, 85 S.Ct. 1731, 14 L. Ed.2d 601 and Gideon v. Wainwright, *supra*, the creation of such a constitutional hierarchy is not part of the rationale of *Burgett*. Perhaps if one of the questions before the Supreme Court in Burgett had been whether or not to make its decision retrospective, the severity of the threat to the integrity of the fact-finding process would have been a relevant consideration. *Cf.* Linkletter v. Walker, *supra*; Johnson v. State of New Jersey, 1966, 384 U.S. 719, 727–728, 86 S.Ct. 1772, 16 L.Ed.2d 882, 889; Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453, 460; Stovall v. Denno, 1967, 388 U.S. 293, 298, 87 S.Ct. 1967, 18 L.Ed.2d 1199, 1204. But retrospectivity was not considered by the Supreme Court in *Burgett* and is not a question before this court either.[8] More importantly, a constitutional right is not to be disparaged because it bears less directly than another on the fact-finding process. The issue before this court turns on

---

distinguishable from the case at bar and from *Burgett* on the grounds that *Vela* did not involve the use of a constitutionally infirm conviction.

8. Even in the area of retrospectivity, the difference between the effects which different constitutional guarantees have on the integrity of the fact-finding process is not decisive. Many other factors such as past reliance and the impact of retrospective rulings on the administration of justice must be considered. Further-

more, the Supreme Court has stressed: " * * * the choice between retroactivity and nonretroactivity in no way turns on the value of the constitutional guarantee involved. * * * To reiterate what was said in Linkletter, we do not disparage a constitutional guarantee in any manner by declining to apply it retroactively." Johnson v. New Jersey, 384 U.S. at 728, 86 S.Ct. at 1778.

"the limitations which the Constitution places on state criminal procedures." Burgett v. Texas, 389 U.S. at 114, 88 S. Ct. at 261. Such limitations include not only "The recent right-to-counsel cases, starting with Gideon v. Wainwright * * *," but also "The exclusion of evidence seized in violation of the Fourth and Fourteenth Amendments * * *." Burgett v. Texas, 389 U.S. at 114, 88 S. Ct. at 261. Since the Constitution requires that the fruits of an unlawful search and seizure be excluded at the first trial, no reason appears to allow a conviction based upon such tainted evidence to prejudice the defendant at a subsequent trial.[9] To permit such a practice is to allow the accused to "suffer anew" the denial of his constitutional rights. Burgett v. Texas, 389 U.S. at 115, 88 S.Ct. 258.

Appellant calls our attention to the cautionary instructions given the jury at Stack's trial. It argues that since the jury was told to consider the void narcotics conviction only for the purpose of sentencing, the narcotics conviction did not prejudice the jury's determination of appellee's guilt or innocence.

The answer to such an argument is found in *Burgett* where cautionary instructions were not salvational. In that case the trial court was considerably more emphatic in its limiting instructions to the jury than was the trial court in the case at bar. In *Burgett* not only did the trial court strike one of the prior convictions from evidence, it also instructed the jury not to consider the other prior convictions for "any purpose whatsoever in arriving at the verdict." 389 U.S. at 113, 88 S.Ct. at 261. Despite these precautions, the Supreme Court found that the introduction into evidence of constitutionally void convic-

tions was "inherently prejudicial." The Court concluded:

"We are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705," 389 U.S. at 115, 88 S.Ct. at 262.

The same result must prevail in the case before us. As this court pointed out in Odom v. United States, 5 Cir. 1967, 377 F.2d 853, 860: "The attempt to sanitize testimony by admonition may sometimes succeed, but its success will very often depend upon how virulent the diseased testimony was." Here the tainted evidence had a constitutional ailment. In such cases, the virulence of the disease usually calls for a new trial.

Appellant argues, however, that a new trial is unnecessary. It contends that the absence of prosecutorial bad faith in alleging and proving the narcotics conviction was itself a sufficient antitoxin to otherwise prejudicial conduct. We disagree. We do not read the majority opinion in *Burgett* as requiring prosecutorial bad faith before a person's constitutional rights are to be vindicated. Prosecutorial bad faith can give a constitutional dimension to a trial, but prosecutorial good faith cannot shrink a constitutional right to a no right and have it vanish out of a document which has survived these hundreds of years. Nor can prosecutorial good faith, even if premised on the lack of notice that a conviction is void, transform an unfair trial into a fair one. As said by Chief Justice Warren in his concurring opinion in *Burgett:*

"We are not limited in our review of constitutional errors in state criminal proceedings to those errors which flow

9. It is to be emphasized, of course, that this principle applies only to the use at trial of constitutionally *void* convictions. A state trial at which evidence was introduced that had been seized in violation of the Fourth Amendment would not be void under the principle enunciated in Linkletter v. Walker, 1965, 381 U.S. 618,

85 S.Ct. 1731, 14 L.Ed.2d 601, if the state judgment was final prior to the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (June 19, 1961). This question does not arise in the instant case because the void conviction with which we deal was a void conviction in a federal court.

**318**

from 'prosecutorial bad faith or intentional misconduct.' Our concern . is with the effect of those errors, whether well-intentioned or not, on the constitutionally protected right of a criminal defendant to a fair and impartial trial." 389 U.S. at 116–117, 88 S.Ct. at 262.

Appellant's final argument is based on the fact that the valid theft conviction which was in evidence along with the invalid narcotics conviction was itself sufficient to permit enhancement under Article 62 of the Texas Penal Code. The State argues that this court should therefore treat the use of the void narcotics conviction as mere surplusage having no effect on the substantial rights of the appellee.

■ The Supreme Court found in *Burgett* that a constitutionally void conviction could not be used "either to support guilt or enhance punishment" 389 U.S. at 115, 88 S.Ct. at 262. Since the record before us shows both the judge and the jury relied upon the void narcotics conviction in enhancing appellee's sentence, appellee is certainly entitled to have his sentence reformed to exclude the ' constitutionally infirm conviction. Greer v. Beto, 1966, 384 U.S. 269, 86 S. Ct. 1477, 16 L.Ed.2d 526; Ex Parte Hammonds, Tex.Cr.App.1966, 407 S.W. 2d 779. Whether or not appellee could then be resentenced under Article 62 of the Texas Penal Code, however, without a new trial, see Ferrell v. State, Tex.Cr. App.1965, 397 S.W.2d 86, 89, *cert. denied*, 386 U.S. 936, 87 S.Ct. 965, 17 L. Ed.2d 808, is an issue with which we need not concern ourselves on this appeal. Appellee's right to a new trial rests upon the infectious influence which the use of a void conviction had on the jury's determination of his guilt or innocence.

■■ The simple fact that a constitutionally infirm conviction was used at appellee's trial now makes it incumbent upon the State to show "beyond a reasonable doubt" that the jury did not rely on such conviction "to support guilt." Burgett v. Texas, *supra*; Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Absent such a showing, this court has no choice but to affirm the lower court's decision. Appellant has presented no facts which would indicate the harmlessness of its constitutional error. Moreover, since a showing of harmless error was not possible in *Burgett* where the void convictions were not even used for enhancement purposes, such a showing would seem even less likely here. The presence of one valid conviction cannot change this result. The improper admission into evidence of prior offenses is not rendered harmless by the proper admission of other offenses. Hurst v. United States, 5 Cir. 1964, 337 F.2d 678. One right does not cure another wrong.

*Burgett* teaches us that federal courts must be assured of an absolute dichotomy at trial between the determination of guilt on the one hand and the determination of past convictions for assessment of punishment on the other. While this dichotomy is presumptively created by proper court instructions where a one-stage recidivist trial contains no constitutionally infirm convictions, Spencer v. Texas, *supra*, it is presumptively lacking where such convictions have in fact been used. In the latter circumstance the natural osmosis of the fact of prior offenses with actual determinations of contemporary guilt must be thrombosed. For while we may tolerate osmosis of prior convictions with present charges, such osmosis becomes intolerable when it involves a constitutionally septic conviction.

Burgett indicates that we must be cautious in the use of prior convictions to guard against the danger that the jury may subconsciously or overtly metamorphize evidence of prior crimes into proof of present guilt. Judicial instructions are effective armor against such subliminations only so long as we are dealing with unimpeached convictions. When an unconstitutional conviction

seeks and gains admittance, however, judicial caveats and admonitions from the bench will not purge the trial of its tainted burden.

Affirmed.