[No. 43620.    En Banc.    December 4, 1975.]

THE STATE OF WASHINGTON, *Petitioner*, v. JOHN MURRAY, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Fred J. Caruso, Deputy,* for petitioner.

*R. Max Etter, Sr.,* for respondent.

FINLEY, J.—This appeal arises from defendant's criminal prosecution and his conviction by jury of second-degree assault. The issue is the propriety of the prosecution's use of a prior conviction for the purpose of impeaching the defendant who testified in his own behalf. The defendant's conviction was reversed by the Court of Appeals because, *at trial,* the prosecution used a conviction for impeachment

which subsequently was reversed on Fourth Amendment grounds. We reverse the Court of Appeals.

The pertinent facts are as follows: In January 1972, defendant Murray was convicted of the crime of grand larceny. He was sentenced in March 1972, and the conviction was appealed in April 1972. In May 1972, defendant Murray was tried by jury for the alleged assault which is the subject matter of the instant appeal. Defendant Murray testified on his own behalf. The State thereupon cross-examined defendant regarding a prior conviction of grand larceny. This was done ostensibly for the purpose of impeaching his credibility. Defendant's counsel objected but was overruled. Defendant was subsequently convicted of second-degree assault and he appealed.

Nearly one year after the assault conviction, the prior conviction of grand larceny was reversed by the Court of Appeals on grounds that certain evidence had been illegally seized in violation of the Fourth Amendment. *State v. Murray*, 8 Wn. App. 944, 509 P.2d 1003 (1973), *aff'd*, 84 Wn.2d 527, 527 P.2d 1303 (1974).

The sole issue raised by the State's petition for review is whether the use of a prior conviction for purposes of impeaching a defendant's testimony constitutes reversible error where that prior conviction is subsequently reversed on Fourth Amendment grounds.

Initially, however, it should be made clear what this case does and does not involve. We are concerned herein only with the use, for purposes of impeachment, of a presumptively valid prior conviction which is pending appeal. As to a prior conviction which already has been reversed at the time of trial, we have held it cannot be used for purposes of impeachment. *State v. Hill*, 83 Wn.2d 558, 520 P.2d 618 (1974).

The seminal case on the usage of constitutionally infirm prior convictions is *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), which held that a prior conviction obtained in violation of the Sixth Amendment right to counsel cannot be used to establish guilt or to enhance guilt

under a recidivist statute. Subsequently, *Loper v. Beto*, 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972), held that a prior conviction obtained *in violation of the Sixth Amendment right to counsel* cannot be used for purposes of impeachment in a subsequent trial.

The essence of the present appeal is whether the rationale and holding of *Loper v. Beto, supra* (involving convictions reversed on Sixth Amendment grounds) should be extended to proscribe the use of a prior conviction for impeachment purposes when it is subsequently reversed because of constitutional invalidity under the *Fourth Amendment.*

The Court of Appeals relied upon the case of *Beto v. Stacks*, 408 F.2d 313 (5th Cir. 1969), for the proposition that no valid distinction can be drawn between the use of a prior conviction that is subsequently determined to be constitutionally infirm because of a lack of counsel and the use of a prior conviction that is subsequently determined to be constitutionally infirm because of an illegal search and seizure. Thus, the Court of Appeals concluded that if a prior conviction is subsequently invalidated on *constitutional* grounds, then the earlier use of that prior conviction for impeachment purposes would constitute reversible error and necessitate a new trial unless it could be said that the use of the prior conviction was harmless error. We cannot agree with the reasoning of the Court of Appeals nor can we agree with *Beto v. Stacks, supra,* the decision upon which the Court of Appeals relied. Rather, we consider *United States v. Penta*, 475 F.2d 92 (1st Cir. 1973), *cert. denied,* 414 U.S. 870, 38 L. Ed. 2d 88, 94 S. Ct. 89 (1973), to be the better reasoned decision and dispositive of the present appeal. In *Penta*, the court rejected the analysis of *Beto v. Stacks, supra,* and concluded that a distinction should be made between using, for purposes of impeachment, (a) convictions that are subsequently adjudicated to be constitutionally defective under the *Fourth Amendment* and (b) using convictions that are subsequently adjudicated to be constitutionally defective under the *Sixth Amendment*

because of a denial of the right to counsel. We agree with this analysis or determination and feel its exposition in *Penta* is controlling.

The rationale in *Burgett v. Texas, supra*, and *Loper v. Beto, supra*, for disallowing the use of prior convictions obtained in violation of the Sixth Amendment right to counsel was that the right to counsel goes to the very integrity of the fact-finding process. As such, the prior convictions therein were inherently *unreliable* and it was for this reason that they could not be used to establish guilt or enhance punishment.

However, deterrence of illegal and improper police behavior and not preservation of reliability in the fact-finding process seems to be the basis for reversing convictions obtained in violation of the Fourth Amendment. *Elkins v. United States*, 364 U.S. 206, 4 L. Ed. 2d 1669, 80 S. Ct. 1437 (1960); *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R.2d 933 (1961). Moreover, the use of evidence obtained in violation of the Fourth Amendment has a totally different impact upon the truth or fact-finding process than does the deprivation of counsel. Such evidence loses no probative value simply because it was obtained in violation of the Fourth Amendment, and thus its use certainly does not impair the truth or fact-finding process. If anything, such evidence actually should enhance the truth or fact-finding process and render the conviction *more* trustworthy.

Since a prior conviction that is subsequently invalidated on Fourth Amendment grounds is not inherently unreliable, we perceive no bar to its use for purposes of impeachment at *the time the appeal thereof* is still pending. Compare, however, *State v. Hill, supra*.

The only apparent reason to reverse the defendant's conviction and to grant a new trial would be upon the rationale that the exclusionary rule and the fruit of the poisonous tree doctrine should make it reversible error to use any prior conviction that is later invalidated on Fourth Amendment grounds. *See generally Wong Sun v. United States,*

371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963). However, two analogous Supreme Court decisions—discussed below —convince us that the exclusionary rule should not operate in such a fashion.

First, in *Walder v. United States*, 347 U.S. 62, 98 L. Ed. 503, 74 S. Ct. 354 (1954), the Supreme Court allowed the admission of evidence which had been seized in violation of the Fourth Amendment in a prior unrelated action. It was held permissible to admit such evidence to impeach a defendant who testified falsely on direct examination as to matters collateral to the trial at which the evidence was to be admitted.

Second, and more precisely on point, in *Harris v. New York*, 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971), the Supreme Court allowed into evidence an uncoerced confession that apparently was trustworthy but which was obtained in violation of the defendant's Fifth Amendment *Miranda* rights. The confession had not been introduced in the case in chief, but was used only for purposes of impeaching the defendant once he took the stand. The court concluded that sufficient deterrence of any improper police behavior flowed from proscribing admission of the confession in the State's case in chief, and that the exclusionary rule need not be extended to prohibit the use of such confessions for purposes of impeaching the defendant's testimony.

It is true that the illegally obtained confession in *Harris* and the illegally obtained physical evidence in *Walder* were used to directly contradict *specific* false statements made by the defendant on direct examination and not simply to attack the defendant's general credibility as was done in the instant case. This factor, however, does not seem to us significant and it was not the basis for the holdings in *Harris v. New York*, *supra*, and *Walder v. United States*, *supra*. To the contrary, the controlling rationale of the court in these cases was that the aid to the jury in assessing the defendant's credibility should not be sacrificed "because of the speculative possibility that impermissible police con-

170

duct will be encouraged thereby." *Harris v. New York, supra* at 225.

Likewise, we think it implausible and speculative to suppose that there will be any added deterrent effect to improper police behavior by reversing convictions where a prior conviction that is later invalidated on Fourth Amendment grounds has been utilized to impeach a defendant's credibility. *See United States v. Penta, supra.*

Therefore, we hold that a prior conviction which is pending appeal may be introduced to impeach a defendant's credibility in a criminal prosecution and the subsequent invalidation of that prior conviction on Fourth Amendment grounds does not mandate a new trial in the criminal prosecution at which the prior conviction was used for impeachment purposes.

For the foregoing reasons, the judgment of the Court of Appeals should be reversed and the judgment of the Superior Court should be reinstated. It is so ordered.

STAFFORD, C.J., and HUNTER, HAMILTON, WRIGHT, and BRACHTENBACH, JJ., concur.

ROSELLINI, J. (concurring)—RCW 10.52.030 provides that conviction of a crime may be proved for the purpose of affecting the weight of a witness' testimony in a criminal case, and RCW 10.52.040 makes the provision applicable where an accused testifies in his own behalf. These statutes, relating as they do to the judicial process, may be superseded by rule of court. RCW 2.04.190-.200. *State v. Smith*, 84 Wn.2d 498, 527 P.2d 674 (1974). To date, we have not seen fit to alter the rule set forth in these statutes.

The courts of this country, in permitting the prosecution to show prior felony convictions to impeach the credibility of a witness, have proceeded upon the assumption that there is a rational connection between felony conviction and lack of veracity. *See State v. Harrison*, 72 Wn.2d 737, 435 P.2d 547 (1967). We have reasoned that one who will steal, rape or commit murder will also lie and that the jury can rightly conclude from this proposition that the witness

is lying at the moment. We have also noted at the same time we found this evidence competent to prove a present inclination to lie, that such a disclosure about a defendant in a criminal prosecution is bound to create prejudice in the minds of the jury. *See State v. Beard*, 74 Wn.2d 335, 444 P.2d 651 (1968). In a case where the prosecution's evidence is weak, that prejudice may be the factor which convicts the defendant, even though the story he tells is true in every detail. We have also recognized that the threat of impeachment by introduction of prior convictions discourages the defendant from exercising his right to take the stand and testify in his own behalf. *State v. Hill*, 83 Wn.2d 558, 520 P.2d 618 (1974).

The supposition upon which this rule rests and its efficacy in producing justice has been repeatedly questioned. *See* R. Spector, *Impeaching The Defendant By His Prior Convictions And The Proposed Federal Rules of Evidence: A Half Step Forward And Three Steps Backward*, 1 Loyola U.L.J. 247 (1970), and a later commentary in the same volume on this subject at page 362, entitled *Evidence—Illinois Adopts Rule 609 of the Proposed Federal Rules of Evidence on Impeachment of a Defendant-Witness by His Prior Crimes*. Some of the numerous articles discussing this concept are listed in 1 Loyola U.L.J. *supra* at 248 n.3. In 1971 the Supreme Court of Hawaii held that the trial court's admission of a prior conviction, even for impeachment purposes, constituted an unreasonable burden upon the constitutional right of the defendant to testify in his own behalf and thereby denied him due process of law under the Fourteenth Amendment. *State v. Santiago*, 53 Hawaii 254, 492 P.2d 657 (1971). *See* Case Note, *Evidence—Impeachment—Admission of Prior Conviction To Impeach Defendant-Witness Violates Constitutional Right to Due Process*, 25 Vand. L. Rev. 918 (1972).

I think both bench and bar should give serious thought to a possible restriction of the right to introduce evidence of prior convictions for impeachment purpose, by court rule. Further, I would be inclined to review and consider the

validity of the statute permitting evidence of prior convictions, were the question to come before the court in a case where such evidence may well have been the determining factor in the mind of the jury. This is not such a case. The defendant's admitted acts amounted to the crime of second-degree assault, at the very least, and that is the crime of which he was convicted. Consequently, this is not the case in which to reconsider the rule, and, in fact, the propriety of the doctrine is not challenged herein.

Upon the question which is presented and decided, I think the majority has reasoned correctly and reached the proper conclusion.

HOROWITZ, J. (dissenting)—The constitutional right of a defendant to a fair trial enjoined by the Fourteenth Amendment requires defendant be not deprived of the benefit of his applicable constitutional rights. Each constitutional right, to which a defendant is entitled, need not be justified by the same rationale. Thus the Sixth Amendment right to counsel may be justified by the necessity of insuring the integrity of the fact-finding process (*United States v. Penta*, 475 F.2d 92 (1st Cir. 1973), *cert. denied*, 414 U.S. 870, 38 L. Ed. 2d 88, 94 S. Ct. 89 (1973)), whereas, the justifying rationale of the Fourth Amendment's exclusionary rule is its deterrent effect against illegal police behavior which violates the Fourth Amendment. Even if the Fourth Amendment may not bear directly upon the fact-finding process as does the Sixth Amendment, a defendant is still entitled to the benefit of the Fourth Amendment and therefore entitled to a trial free of evidence obtained by its violation. *Elkins v. United States*, 364 U.S. 206, 4 L. Ed. 2d 1669, 80 S. Ct. 1437 (1960); *Mapp v. Ohio*, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R.2d 933 (1961).

Moreover, insofar as the majority opinion makes it possible for the state to benefit from its violation of the Fourth Amendment by the use of a constitutionally tainted conviction, to that extent is the defendant deprived of his Fourth Amendment rights. The majority opinion makes that possible. That opinion, in effect, holds that although a prior

conviction, reversed on Fourth Amendment grounds, cannot be used for impeachment purposes in a pending trial (*see State v. Hill*, 83 Wn.2d 558, 520 P.2d 618 (1974)), nevertheless, the use of evidence obtained in violation of the Fourth Amendment will not serve to invalidate the conviction on a pending charge if the reversal occurs after the pending trial. By such a holding, the propriety of the use of the prior conviction is made to depend upon the speed with which the reversal is obtained—a ground irrelevant to constitutionally enjoined fair trial requirements. In addition, the decision to approve the use of a questionably valid and highly prejudicial prior conviction, then on appeal on Fourth Amendment grounds and reversed after conviction on the pending charge, could have the unfortunate effect of placing a premium on violation of the Fourth Amendment. It would create the expectation that such violation will be overlooked if the prior conviction is used prior to its reversal.

The majority opinion in support of its holding relies heavily upon *United States v. Penta, supra,* rejecting the rationale of *Beto v. Stacks*, 408 F.2d 313 (5th Cir. 1969). *Penta* distinguishes between admissibility of a prior conviction reversed after trial of a pending charge if reversal is based on a violation of a defendant's Sixth Amendment right to effective counsel, and the case of a conviction reversed after trial on a pending charge if based on the use of evidence obtained in violation of the Fourth Amendment. *Penta* argues the violation of the Sixth Amendment right to counsel impairs the integrity of the fact-finding process whereas the violation of the Fourth Amendment does not. Inadequately considered is the fact that regardless of the existence of the distinction, a defendant is also entitled to the benefit of the Fourth Amendment and entitled to reversal of a conviction on the pending charge if he has been convicted by the use of evidence illegally obtained in violation of the Fourth Amendment. A defendant's constitutional right to receive a fair trial is not satisfied merely because his Sixth Amendment right to effective counsel has

been observed. Fair trial also requires a defendant not be convicted on the basis of evidence obtained in violation of the Fourth Amendment, the conviction then to be used for the purpose of impairing the general credibility of the defendant in the trial of a later charge. The broad prohibition of the Fourth Amendment grants no such license for its violation. Nor does it indirectly condone such violation because the constitutionally infirm conviction is reversed after rather than before trial of the pending charge.

*Beto v. Stacks, supra,* the rationale of which the majority opinion rejects, rightly pointed out:

> More importantly, a constitutional right is not to be disparaged because it bears less directly than another on the fact-finding process. The issue before this court turns on "the limitations which the Constitution places on state criminal procedures." . . . Such limitations include not only "The recent right-to-counsel cases, starting with Gideon v. Wainright * * *," but also "The exclusion of evidence seized in violation of the Fourth and Fourteenth Amendments * * *." . . . Since the Constitution requires that the fruits of an unlawful search and seizure be excluded at the first trial, no reason appears to allow a conviction based upon such tainted evidence to prejudice the defendant at a subsequent trial. To permit such a practice is to allow the accused to "suffer anew" the denial of his constitutional rights.

(Footnote omitted.) *Beto v. Stacks, supra* at 316-17.

It is true RCW 10.52.030 authorizes the admission in evidence of a prior conviction "for the purpose of affecting the weight of his testimony." The statute, however, necessarily proceeds upon the assumption the prior conviction is a valid one. A reversed conviction is invalid. *See State v. Hill, supra.* Even a prior valid conviction may be misused. *Beto v. Stacks, supra* at 318 states:

> [W]e must be cautious in the use of prior convictions to guard against the danger that the jury may subconsciously or overtly metamorphize evidence of prior crimes into proof of present guilt.

*See* concurring opinion of Rosellini, J.

I do not believe the legislature intended the inadmissibility of a reversed conviction to impeach the credibility of a testifying defendant to depend on whether the reversal occurred prior to its use at trial of a pending charge or thereafter. This does not mean a defendant cannot be retried—it merely means that upon a new trial being held on the pending charge, the constitutionally infirm conviction cannot be received in evidence for general impeachment purposes.

In the instant case the state undertook to benefit in the trial of the pending charge from the use over objection of a prior conviction then on appeal. It is only fair the state should assume the risk of reversal of the conviction so obtained. It matters not whether the reversal is obtained on Sixth or Fourth Amendment grounds. Each confers a constitutional right upon a defendant of which he may not be deprived. The other cases relied upon in the majority opinion to support its position are distinguishable and do not compel a result contrary to that here reached.

I agree with the Court of Appeals and would reverse for a new trial.

UTTER, J., concurs with HOROWITZ, J.