**Jerry Lynn YOHEY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 28820.**

United States Court of Appeals, Fifth Circuit.

July 13, 1970.

As Corrected July 31, 1970.

---

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

**1280**

Jerry Lynn Yohey, pro se.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., Haskell Shelton, Asst. U. S. Atty., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Jerry Lynn Yohey appeals from a denial of his § 2255 motion to vacate judgment and sentence. Because appellant has failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure, it is appropriate to dispose of this pro se case summarily, pursuant to this Court's local rule 9(c) (2).[1]

■ Yohey was arrested on November 17, 1968 at the El Paso port-of-entry as he entered the United States with "a suitcase full" of marihuana. He was subsequently convicted upon his guilty plea of illegally importing marihuana into the United States in violation of 21 U.S.C. § 176a. His sole contention in the § 2255 proceeding was that the conviction should be vacated on the authority of Leary v. United States.[2]

We held in Walden v. United States [3] and United States v. Brooks [4] that *Leary* did not invalidate 21 U.S.C. § 176a; it only applied to that portion of § 176a which permits a jury to "infer" knowledge of illegal importation from mere possession of marihuana. In the instant case, the unconstitutional presumption or inference was not employed. Yohey's conviction was based on his guilty plea.

Furthermore, we are unable to imagine how the unconstitutional presumption might have influenced Yohey's guilty plea.[5] He was apprehended at a port-of-entry; pled guilty to a charge of illegally *importing* marihuana. Government prosecutors had all the evidence necessary to convict without using the illegal presumption. The presumption authorized by § 176a is useful where the only evidence available to authorities is that the defendant possessed marihuana.[6] The point here is that because the government had sufficient evidence to prove the elements of the crime charged, the presumption was not a factor to be weighed by Yohey in deciding whether to plead guilty.

Affirmed.

1. *See* Kimbrough v. Beto, 412 F.2d 981 (5th Cir. 1969).

2. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

3. 417 F.2d 698 (5th Cir. 1969).

4. 416 F.2d 459 (5th Cir. 1969). *See* United States v. Ferra, 427 F.2d 1348 (5th Cir. 1970).

5. Carpenter v. Wainwright, 372 F.2d 940 (5th Cir. 1967) (where a coerced confession may have influenced a guilty plea).

6. The unconstitutional inference provides: Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.