439 F.2d 1079
 UNITED STATES of America, Plaintiff-Appellee,
v.
Murray OFFEN, Defendant-Appellant.
No. 30482 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc. v, Citizens
Casualty Co. of
New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 5, 1971.
 
 J. Donald Reynolds, Wright, Long & Reynolds, Montgomery, Ala., for defendant-appellant.
 Ira deMent, U.S. Atty., W. H. Thomas, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Murray Offen brings this appeal from the district court's refusal to set aside, on petition for a writ in the nature of a writ of error coram nobis, a 1942 conviction upon a plea of guilty to an indictment for causing tablets of a derivative of opium to be delivered by mail. Appellant contends that he is entitled to relief on two gounds: that he was not properly informed of the consequences of his guilty plea; and that his waiver of counsel was not competently, properly, and voluntarily made. Because he is not now, and has never been incarcerated, he seeks only restoration of the rights lost as a result of his felony conviction. Finding his contentions on appeal to be without merit and not timely raised in the proper forum, we affirm the district court's decision not to grant relief.
 
 
 2
 Appellant's testimony is that he was arrested because he mailed a package containing a drugstore prescription to a sick friend, unaware that the package contained opium tablets. After discussion with his father, a cousin who had studied law, a United States Attorney and United States District Judge Charles B. Kennamer, he entered a plea of guilty. On April 9, 1942 he was fined $250.00 and sentenced to five years' probation. No transcript was taken of the arraignment or sentencing, but a docket notation in the record reflects that he waived his right to counsel: '4/6/52 Attorney waived-- Plea of guilty and continued.' After hearing all of appellant's evidence, Judge Frank M. Johnson, Jr. denied relief with the following statement:
 
 
 3
 THE COURT: The Court finds from the evidence in this case that you understood the nature of the proceedings against you; that you entered a plea of guilty knowingly and intelligently, and it was voluntarily entered. You are not entitled to any relief by nature of this proceeding. The Court will deny your relief to set the judgment of guilt aside based upon your plea in 1942. The evidence in the case reflects that you were aware of the nature of the proceedings against you; that you had actually consulted with and presumably received the advice of Herman N. Offen, who was a lawyer, before you came to Alabama. The Court further finds that you were not impecunious to the point that you could not employ counsel to represent you had you desired. You did not. The records reflect that you waived counsel in open court. In view of the time that has elapsed and the testimony from the witness as to what actually transpired in the courtroom, the Court feels compelled to accept the documentary evidence that is a part of the court records in this case; that he did in fact waive counsel. I might say to you that you can get the impediments regarding your rights of citizenship that flow-- or the deprivations that flow from this conviction set aside very easily by a petition to the Alabama Parole Board, which will again give you the -- well, it would give you the right to vote or serve on the jury; it will remove the impediments that flow from this conviction. It is referred to generally as having your rights restored. That is the route I suggest you take. This is not the proper route to take to do that.[1]
 
 
 4
 We find no clear error in these conclusions. Fed.R.Civ.P. 52(a). The guilty plea was in accordance with constitutional standards applicable prior to the adoption in 1966 of Rule 11 of the Federal Rules of Criminal Procedure, Halliday v. United States, 394 U.S. 831, 832, 834, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), and there is even now no requirement to advise a defendant of every 'but for' consequence which follows from a plea of guilty. Trujillo v. United States, 377 F.2d 266, 268 (5th Cir. 1969), cert. denied389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221. Nor do we disagree, after examination of 'the particular facts and circumstances * * *, including the background, experience, and conduct of the accused,' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), with the finding of the trial court that appellant effectively waived his right to counsel. See Keaveney v. United States, 405 F.2d 821 (5th Cir. 1969); Meeks v. United States, 298 F.2d 204 (5th Cir. 1962). See also McMann v. Richardson,397 U.S. 759, 773, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Court further stated:
 THE COURT: I will not oppose-- and I will be consulted as a matter of form; I will not oppose the restoration of your rights by the Alabama Pardon and Parole Board; they are the ones that probably have jurisdiction. It may be that he will need to make his application to the New York Board of Pardon and Parole; I just really don't know; but that is the route you will have to go to get the right to vote--