444 F.2d 1190
 Robert HARRINGTON, Petitioner-Appellant, v, UNITED STATES of
America, Respondent-Appellee.
No. 29481 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 14, 1971, Rehearing Denied Sept. 8, 1971.
 
 Robert Harrington, pro se.
 William A. Daniel, Jr., Robert W. Rust, U.S. Attys., Miami, Fla., Neal R. Sonnett, Asst. U.S. Atty., Miami, Fla., for respondent-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 DYER, Circuit Judge:
 
 
 1
 In Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, the Supreme Court held, inter alia, that the privilege against self-incrimination is a complete defense to a prosecution under 26 U.S.C.A. 4744(a), the Marihuana Tax Act provision which requires payment of the tax upon acquisition of marihuana. This appeal presents the question whether that ruling shall have retrospective application. We conclude that it is to be so applied; and accordingly, we reverse the District Court's denial of Robert Harrington's motion under 28 U.S.C.A. 2255 to vacate his judgment of conviction and sentence.
 
 
 2
 Harrington was indicted for acquiring approximately one kilogram of marihuana without having paid the transfer tax, in violation of 26 U.S.C.A. 4744(a)(1); and for transferring the same quantity of marihuana without the proper written order, in violation of 26 U.S.C.A. 4742(a). He pled guilty under the first count, the 'tax count', whereupon the court dismissed the transfer count on motion of the Government. Harrington was sentenced under the tax count on April 2, 1969. He took no direct appeal, and thus the judgment became final prior to May 19, 1969, when the Supreme Court decided Leary.
 
 I.
 
 3
 In United States v. United States Coin and Currency, 1971, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, a forfeiture had been ordered against the petitioner for failing to register as a gambler and to pay the related gambling taxes. Previously in Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, the Supreme Court had held that the imposition of these registration and taxation burdens on gamblers violated their privilege against self-incrimination. Concluding in United States Coin and Currency, supra, that such a forfeiture was a criminal sanction analogous to a conviction, the Court determined that Marchetti and Grosso would retrospectively apply to forfeitures instituted before those decisions. The Court said:
 
 
 4
 Unlike some of our earlier retroactivity decisions, we are not here concerned with the implementation of a procedural rule which does not undermine the basic accuracy of the factfinding process at trial. Linkletter v. Walker, 381 U.S. 618 (85 S.Ct. 1731, 14 L.Ed.2d 601) (1965); Tehan v. Shott, 382 U.S. 406 (86 S.Ct. 459, 15 L.Ed.2d 453) (1966); Johnson v. New Jersey, 384 U.S. 719 (86 S.Ct. 1772, 16 L.Ed.2d 882) (1966); Stovall v. Denno, 388 U.S. 293 (87 S.Ct. 1967, 18 L.Ed.2d 1199) (1967). Rather Marchetti and Grosso dealt with the kind of conduct that cannot constitutionally be punished in the first instance. These cases held that gamblers in Angelini's position had the Fifth Amendment right to remain silent in the face of the statute's command that they submit reports which could incriminate them. In the absence of a waiver of that right, such persons could not properly be prosecuted at all. '* * * The conduct being penalized is constitutionally immune from punishment. No circumstances call more for the invocation of a rule of complete retroactivity.
 
 
 5
 402 U.S. at 723, 91 S.Ct. at 1045.
 
 
 6
 In Leary the order forms and the transfer taxes considered were primarily intended to facilitate the prosecution of possessors and sellers of marihuana, just as in Marchetti-Grosso the forms and taxes were avenues to prosecution for gambling. In fact, the Leary Court observed, if 'read according to its terms, the Marihuana Tax Act compelled petitioner to expose himself to a 'real and appreciable' risk of self-incrimination within the meaning of our decisions in Marchetti, Grosso and Haynes (Haynes v. United States, 1968, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923).' 395 U.S. at 16, 89 S.Ct. 1537, 23 L.Ed.2d at 70.
 
 
 7
 Since the first part of Leary-- i.e., that dealing with the constitutionality of the transfer tax provisions of 4744-- and Marchetti-Grosso are but variations of a single theme, both must be retroactive. Since Harrington was convicted for violating the statute overturned in the first part of Leary, that court of the conviction cannot stand. Cf. United States v. United States Coin and Currency, supra.
 
 
 8
 Our conclusion is buttressed by the holding in a case similar to the one sub judice. In United States v. Liguori, 2 Cir. 1970, 430 F.2d 842, the Second Circuit retrospectively applied the Leary ruling that the privilege against self-incrimination is a complete defense to a prosecution under the tax count. The Supreme Court recently denied the Government's petition for certiorari in Liguori. 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971).
 
 
 9
 That same day, the Supreme Court also denied certiorari in United States v. Lucia, 5 Cir. 1970, 423 F.2d 697, wherein this Court en banc had held that Marchetti v. United States, supra, is retroactive; and it vacated Decker v. United States, 6 Cir. 1970, 423 F.2d 726, in which the Sixth Circuit had held that Haynes v. United States, supra, is not retroactive. 402 U.S. 937, 91 S.Ct. 1604, 29 L.Ed.2d 106 (1971). Haynes upheld the privilege against self-incrimination as a defense to prosecution for violating a provision of the National Firearms Act.
 
 
 10
 Denial of certiorari by the Supreme Court generally is not tantamount to a decision on the merits of an appeal. From the Supreme Court's rulings in Liguori, Lucia, Decker and Coin and Currency, however, we can reach no conclusion other than the Court's Leary tax count holding must be retrospective in effect.
 
 
 11
 We hold further that Harrington has timely asserted the privilege against self-incrimination. Prior to the Supreme Court's decision in Leary, there had been no authoritative judicial decision upholding the privilege with regard to the tax count offense. Moreover, there was no final assurance that this aspect of Leary was retroactive until the Supreme Court denied certiorari in Liguori, the first case in which the question was squarely presented.[1] Our own Court held in abeyance cases presenting the question, until the Supreme Court ruled in the Coin and Currency and Liguori cases. This Court cannot charge persons convicted under the tax count with knowing that Leary would be retroactive, when we ourselves were uncertain of the eventual outcome. Therefore, Harrington's motion to vacate his conviction and sentence under 26 U.S.C.A. 4744(a)(1) must be granted.
 
 II.
 
 12
 Obviously, Harrington pled guilty under the tax count to avoid the possibility of conviction for unlawful transfer of marihuana under 26 U.S.C.A. 4742(a). The latter offense carries a mandatory minimum prison term of five years and a maximum of twenty years, as compared to the two and ten year provisions applicable to the tax count. 26 U.S.C.A. 7237(a), (b). In Many cases prior to Leary, the Government agreed to dismiss more serious charges of smuggling, sale, transfer, and so forth of marihuana when the defendant was willing to plead guilty under the tax count.
 
 
 13
 In his concurring opinion in Liguori, Chief Judge Lumbard opined that prosecution of the appellant on the other counts of his indictment alleging marihuana offenses was permissible. Judge Lumbard stated the applicable doctrine as follows:
 
 
 14
 In such a situation there appears to be every reason to permit the government either to reindict Liguori on the other counts, or to move in the district court to vacate the dismissal of the other counts. If the government elects to continue with the prosecution of Liguori it must do so promptly, as the acts charged occurred more than four years ago and the running of the statute of limitations will soon become a bar to any further prosecution. In the event the government does continue the prosecution, I do not think that the defense of double jeopardy will be a bar. See United States v. Chase, 372 F.2d 453 (4th Cir. 1967); Robinson v. United States, 284 F.2d 775 (5th Cir. 1960); Hensley v. United States, 82 U.S.App.D.C. 14, 160 F.2d 257, cert. denied, 331 U.S. 817, 67 S.Ct. 1305, 91 L.Ed. 1835 (1947).
 
 
 15
 430 F.2d at 851.
 
 
 16
 We are completely in agreement with this pronouncement. Where the tax count conviction resulted from an agreement to dismiss more serious Marihuana Tax Act or narcotic violation counts and the individual has served a relatively small part of the vacated sentence, then prosecution on the more serious count or counts may well be appropriate. By moving to vacate judgment on the tax count, Harrington tacitly repudiates the former plea bargain, whereby he obtained dismissal of other counts of the indictment. Harrington, for example, was also charged with transfer of a considerable quantity of marihuana in violation of a statute which the Supreme Court has held valid. Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. If the Government has substantial evidence that he committed the transfer offense, we are aware of no valid reason why he should not be tried for it.
 
 
 17
 The order appealed from is reversed, and the case is remanded with directions to vacate the judgment of conviction and sentence of Harrington. The mandate of this Court will issue forthwith.
 
 
 18
 Reversed and remanded, with directions.
 
 
 
 [1]
 We do not now decide whether the Leary holding invalidating the presumption of knowledge of unlawful importation of marihuana, which is stated in 21 U.S.C.A. 176a, is to be given retrospective application