Henry **THOMAS**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 72–1371.

United States Court of Appeals, Fifth Circuit.

May 18, 1972.

Henry Thomas pro se.

Gerald J. Gallinghouse, U. S. Atty., Patrick C. McGinity, Mary Cazalas, Asst. U. S. Attys., New Orleans, La., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The district court denied Thomas' motion pursuant to 28 U.S.C.A. § 2255 to vacate sentence. We vacate and remand.[1]

On March 26, 1951, Thomas was convicted of obtaining marihuana without paying the transfer tax in violation of 26 U.S.C.A. § 2593(a), now 26 U.S.C.A. § 4744(a). On January 27, 1966, he was convicted of selling narcotics not in or from the original stamped package and without a written order form from the buyer in violation of 26 U.S.C.A. §§ 4704(a) and 4705(a). He was sentenced as a second offender to concurrent terms of five years and ten years, which he is presently serving.

In a prior § 2255 motion Thomas urged that his 1951 conviction was unconstitutional under Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 and United States v. Covington, 1969, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94, and thus his sentence as a second offender was invalid. The district court denied relief on grounds that *Leary* was to be applied prospectively only. This Court affirmed in Thomas v. United States, 5 Cir. 1970, 431 F.2d 940. Subsequent to that ruling *Leary* has been given retrospective application by this Court. Harrington v. United States, 5 Cir. 1971, 444 F.2d 1190. Thomas then filed the present § 2255 motion to avail himself of the benefits of *Harrington*. The district court, however, denied relief on the ground that there was a successive motion in which no new grounds were raised.

Clearly Thomas is entitled to have the validity of his 1951 conviction examined in light of *Harrington*. The denial of his earlier motion to vacate is not a bar to the present motion because the legal principles upon which the earlier denial was based have been reversed. Furthermore, while this appeal was pending the United States Supreme Court decided United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed.2d 592. There the Court held that where a judge, in imposing sentence, gave consideration to prior convictions, and where those prior convictions are

[1]. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

subsequently found to be constitutionally invalid, the defendant is entitled to have his sentence reconsidered by the trial court. We therefore vacate the judgment of the district court and remand the case for a reconsideration of the validity of appellant's 1951 conviction in light of *Leary* and *Harrington*. Should the district court determine that that conviction is invalid, the court shall reconsider the sentence imposed in 1966 in light of *Tucker*.

Vacated and remanded.