Eduardo Ramon OCHOA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72–1808

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1972.

Eduardo Ramon Ochoa, pro se.

Robert W. Rust, U. S. Atty., Barbara E. Vicevich, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of a motion to vacate the judgment and sentence of Eduardo Ramon Ochoa, a federal prisoner. We affirm.

Ochoa was convicted upon his plea of guilty of selling, dispensing and distributing cocaine not in and from the original stamped package, in violation of 26 U.S.C. § 4704(a). He was sentenced to five years' imprisonment on April 26, 1966; and there was no direct appeal.

Ochoa styled his action a motion to vacate pursuant to 28 U.S.C. § 2255, but it actually is in the nature of coram nobis attacking a conviction of which he has already served the sentence.

Ochoa contends that he is entitled to have the conviction set aside on the basis of Turner v. United States, 1969, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, which invalidated use of the presumption contained in 26 U.S.C. § 4704(a) in connection with prosecutions involving only a small quantity of cocaine. As the district court held, however, Ochoa was not convicted with the aid of the statutory presumption, but upon his plea of guilty. United States v. Ferra, 5th Cir. 1970, 427 F.2d 1348.

The appellant also relies on Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 for relief. We held in Yohey v. United States, 5th Cir. 1970, 429 F.2d 1279, which dealt with a similar statutory presumption contained in 21 U.S.C. § 176a, that Leary did not invalidate the statute; it struck down only that portion of § 176a which permitted a jury to "infer" knowledge of illegal importation from mere possession. In Yohey, as in this case, the presumption was not material because the conviction was based on a guilty plea.

Ochoa also alleges that the record is barren of any proof that he was ever advised of his constitutional rights. He does not allege that he did not know of his constitutional rights, only that the court did not advise him. He does not specify what rights he was not advised of by the court. An examination of the transcript of the court's acceptance of the plea shows that the court correctly advised Ochoa of the maximum sentence imposable, and determined that there was a factual basis for the plea and that the plea had been voluntarily made with understanding of the nature of the charge. The transcript of the proceedings in the district court shows that it fully complied with the requirements of Rule 11, F.R.Crim.P., as it existed prior to the effective date of the 1966 amendment thereto. See Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16; United States v. Offen, 5th Cir. 1971, 439 F.2d 1079.

The judgment appealed from is due to be and is hereby affirmed.

Affirmed.