**Harry Walter McCUTCHEON, Petitioner-Appellee,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellant.**

No. 72–2123.

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1973.

Rehearing and Rehearing En Banc Denied Nov. 5, 1973.

---

Crawford Martin, Atty. Gen., Dunklin
Sullivan, Asst. Atty. Gen., Austin, Tex.,
for respondent-appellant.

Harry H. Walsh, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellee.

Before GEWIN, BELL and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

This appeal requires that we review a judgment below granting McCutcheon's petition for the writ of habeas corpus. We reverse for reasons we will state.

In 1962, a jury in Harris County, Texas, convicted the petitioner, Harry W. McCutcheon, of assault with intent to rob. The indictment alleged two prior felony convictions for enhancement purposes under Vernon's Ann.Texas Penal Code, Article 63. The two prior felony convictions were both proved to the jury, which returned a verdict of guilty with enhancement.[1] As required by the enhancement statute, McCutcheon was sentenced to confinement for life in the state penitentiary. His conviction was affirmed on direct appeal, McCutcheon v. State, Tex.Crim.1962, 363 S.W.2d 457.

Following the decision of the Supreme Court in Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57,

McCutcheon sought habeas relief in the Texas courts on the grounds that Leary had invalidated one of the two convictions which had been proven for enhancement purposes at his 1962 trial, and hence that his assault with intent to rob conviction could not be enhanced to life imprisonment. The conviction which McCutcheon's habeas petitions attacked was a 1946 federal conviction for violations of the Harrison Narcotics Act. Following denial of relief by Texas courts McCutcheon sought habeas corpus in the court below.[2]

### The 1946 Federal Conviction

On October 1, 1946, McCutcheon pled guilty in the United States District Court for the Southern District of Texas to two counts, Count One and Count Eight of an eight count indictment alleging violations of the Harrison Narcotics Act. The charges to which McCutcheon pled guilty were as follows:

Count One alleged a conspiracy in violation of former Title 18, U.S.C., Section 88 (now Title 18, U.S.C., Section 371) to violate former Title 26, U.S.C., Sections 2553(a) and 3224(a).[3]

---

1. At the time of McCutcheon's trial in 1962, Texas procedure provided that prior felony convictions offered by the state for the purpose of enhancement of sentence were to be proven to the jury before a determination of guilt or innocence. The prior felony offenses were also alleged in McCutcheon's indictment, which was read to the jury at the commencement of trial. See Vernon's Ann.Texas Code Crim.Proc., Art. 642 (1941). Since that time, Texas has modified its procedure so that except in capital cases the jury is not given the recidivist issue until it has first found the defendant guilty under the principal charge. Vernon's Ann.Texas Code Crim.Proc., Art. 36.01, effective January 1, 1966. See generally, Spencer v. Texas 1967, 385 U.S. 554, 556, fn. 2, 87 S.Ct. 648, 650, fn. 2, 17 L.Ed.2d 606, 610, fn. 2.

2. This is the second appearance of McCutcheon's case before us. We remanded the lower court's denial of McCutcheon's habeas petition for reconsideration in light of our decision in Harrington v. United States, 5 Cir. 1971, 444 F.2d 1190,

that Part I of *Leary* is to be afforded retroactive effect. McCutcheon v. Beto, 5 Cir. 1972, 460 F.2d 1018.

3. Former Title 26, U.S.C., Section 2553 (a), recodified as Title 26, U.S.C., Section 4704, repealed October 27, 1970, Public Law 91–513, Title 3, Section 1101 (b) (3) (A), 84 Stat. 1292, provided:

§ 2553. Packages—(a) General requirement

It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found; and the possession of any original stamped package containing narcotic drugs by any person who has not registered and paid special taxes as required by sections 3221 and 3220 shall be prima facie evidence of liability to such special tax.

Former Title 26, U.S.C., Section 2554(a), recodified as Title 26, U.S.C., Section 4705, repealed October 27, 1970, Public Law 91–513, Title 3, Section 1101(b)(3)(A), 84 Stat. 1292, provided:

§ 2554. Order forms—(a) General requirement

It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary.

Former Title 26, U.S.C., Section 3224, recodified as Title 26, U.S.C., Section 4724, repealed October 27, 1970, Public Law 91–513, Title 3, Section 1101(b)(3)(A), 84 Stat. 1292, provided:

§ 3224. Unlawful acts in case of failure to register and pay special tax

(a) Trafficking. It shall be unlawful for any person required to register under the provisions of this part or section 2551(a) to import, manufacture, produce, compound, sell, deal in, dispense, distribute, administer, or give away narcotic drugs without having registered and paid the special tax as imposed by this part, or section 2551(a).

(b) Transportation. Except as otherwise provided in this subsection, it shall be unlawful for any person to send, ship, carry, or deliver any of narcotic drugs from any State or Territory or the District of Columbia, or any insular possession of the United States, into any other State or Territory or the District of Columbia, or any insular possession of the United States. Nothing contained in this subsection shall apply—

(1) to any person who shall have registered and paid the special tax as required by sections 3220 and 3221;

(2) to common carriers engaged in transporting narcotic drugs;

(3) to any employee acting within the scope of his employment for any person who shall have registered and paid the special tax as required by sections 3220 and 3221, or to any contract carrier or other agent acting within the scope of his agency for such registered person;

(4) to any person who shall deliver any such drug which has been prescribed or dispensed by a physician, dentist, veterinarian, or other practitioner required to register under the terms of this part or section 2551(a) and employed to prescribe for the particular patient receiving such drug;

(5) to any person carrying any narcotic drug or compound of a narcotic drug which has been obtained by the person from a registered dealer in pursuance of a written or oral prescription referred to in section 2554(c)(2), issued for legitimate medical uses by a physician, dentist, veterinary surgeon, or other practitioner, registered under section 3221, if the bottle or other container in which such drug or compound of a narcotic drug is carried bears the name and registry number of the druggist, serial number of prescription, name and address of the patient, and name, address, and registry number of the person issuing such prescription.

(6) to any person carrying any such drug which has been obtained by the person as a patient from a registered physician, dentist, or other practitioner in the course of his professional practice if such drug is dispensed to the patient for legitimate medical purposes; or

(7) to any United States, State, county, municipal, district, Territorial, or insular officer or official acting within the scope of his official duties.

(c) Possession. It shall be unlawful for any person who has not registered and paid the special tax as provided for by this part or section 2551(a), to have in his possession or under his control narcotic drugs; and such possession or control shall be presumptive evidence of a violation of this subsection and subsection (a), and also a violation of the provisions of sections 3220 and 3221: *Provided*, That this subsection shall not apply to any evidence of a registered person, or to a nurse under the supervision of a physician, dentist, or veterinary surgeon registered under this part or section 2551(a), having such possession or control by virtue of his employment or occupation and not on his own account; or to the possession of narcotic drugs which has or have been prescribed in good faith by a physician, dentist, or veterinary surgeon registered under this part or section 2551(a); or to any United States, State, county, municipal, District, Territorial, or insular officer or official who has possession of any said drugs, by reason of his official duties, or to a warehouseman holding possession for a person registered and who has paid the taxes under this part and subchapter A of Chapter 23; or to common carriers engaged in transporting such drugs: *Provided further*, That it shall not be

Count Eight alleged that Mc-Cutcheon violated former Title 26, U.S.C., Section 3224[4] by selling narcotic drugs without having registered and paid the special tax imposed by law.

■ In Leary v. United States, supra, the Supreme Court held that the privilege against self-incrimination was an absolute defense to prosecution under then Title 26, U.S.C., Section 4744(a),[5] the marijuana registration and tax analogue to former Title 26, U.S.C., Section 3224, the substantive offense to which McCutcheon pled guilty in Count 8, as well as one of the three object offenses of the conspiracy to which McCutcheon pled guilty in Count 1. The respondent-appellant contends that Section 4724 (former Section 3224) does not contain a mandatory self-incrimination feature comparable to that contained in Section 4744(a), which was condemned in Leary. This contention is without merit. Title 26, U.S.C., Section 4775 required the Internal Revenue Service to furnish upon written request to any person a list of any and all persons registered as special taxpayers under Title 26, U.S.C., Sections 4721 through 4726, inclusive. Such lists would also include any person required to register under Title 26, U.S.C., Section 4702(a)(2)(C), which requires registration and payment of the tax if the person dealing in narcotics is otherwise ineligible for registration and payment of the tax. In either event, McCutcheon would have been punished for failure to disclose self-incriminating information by prosecution under Section 4724 (former Section 3224). The self-incrimination feature of Section 4724 (former Section 3224) operates in the same fashion as the statutory scheme condemned in Leary, and hence self-incrimination is an equally valid defense to prosecution under Section 4724 (former Section 3224).

■ Finally, in Harrington v. United States, 5 Cir. 1971, 444 F.2d 1190, this Court held that the Supreme Court's holding in Leary that self-incrimination was an absolute defense to prosecution under Section 4744 was to be afforded retroactive effect, and that a conviction under the marijuana tax and registration provision, Title 26, U.S.C., Section 4744(a) obtained prior to Leary on a plea of guilty was void and of no effect. Since former Section 3224, to which McCutcheon pled guilty in 1946 contains the self-incrimination feature invalidated in Leary, it is clear that the retroactivity principle enunciated in Harrington must also apply to former Section 3224. Therefore, Count Eight of McCutcheon's 1946 federal conviction, as well as one of the three object offenses of Count One, the conspiracy count, are no longer constitutionally valid federal offenses.

The remaining two object offenses of the 1946 conspiracy count (Count One) charged that two purposes of the conspiracy were violation of former Title 26, U.S.C., Sections 2553 and 2554.[6] These object offenses, which McCutcheon pled guilty to conspiracy to violate, involved (1) purchase or sale of narcotic drugs not in the original stamped package (former Title 26, U.S.C., Section 2553), and (2) transfer of narcotic drugs to a transferee not in accordance with a written order form issued by the Secretary of the Treasury (former Title 26, U.S.C., Section 2554).

■ The Supreme Court has held that self-incrimination is not available

---

necessary to negative any of the aforesaid exemptions in any complaint, information, indictment, or other writ or proceeding laid or brought under this part or subchapter A of chapter 23; and the burden of proof of any such exemption shall be upon the defendant. Repeal of these provisions did not, however, affect the validity of McCutcheon's convictions, Public Law 91–513, Title 3, Section 1103(a), 84 Stat. 1292.

4. See footnote 3, supra.

5. Repealed, October 27, 1970, Public Law 91–513, Title 3, Section 1101(b)(3)(A), 84 Stat. 1292.

6. See footnote 3, supra.

as a defense to a charge of selling narcotics without the required order form in violation of former Title 26, U.S.C., Section 2554 (recodified as Title 26, U.S.C., Section 4705). Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. In addition, former Title 26, U.S.C., Section 2553 (recodified as Title 26, U.S.C., Section 4704) contained a provision that the possession of narcotic drugs without the required tax stamps was prima facie evidence that the drugs were not in or from a stamped package as required by law. In Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, the Supreme Court ruled that this presumption was constitutionally invalid in connection with prosecutions involving only a small quantity of cocaine as opposed to a large quantity of heroin. We need not, however, consider the effect of the *Turner* holding on the former Section 2553 portion of Count One of McCutcheon's 1946 federal conviction. McCutcheon pled guilty to that count. As this Court held in Ochoa v. United States, 5 Cir. 1972, 469 F.2d 86, a plea of guilty does not raise the problem of the unconstitutional presumption because a guilty plea is obtained without the aid of the impermissible presumption. Accord, Yohey v. United States, 5 Cir. 1970, 429 F.2d 1279.

It should be apparent, then, that McCutcheon's 1946 federal narcotics conviction is defective only insofar as it concerned violations of former Title 26, U.S.C., Section 3224. Thus, Count Eight and one of the three object offenses to the Count One conspiracy are offenses which are retroactively immune from prosecution as a matter of federal constitutional law. The other two object offenses of the Count One conspiracy, the violations of former Title 26, U.S.C., Sections 2553 and 2554 remain valid, however.

Despite the fact that one of the three object offenses specified in the conspiracy count (Count One) has become constitutionally void, Count One itself retains viability as stating a valid offense against the laws of the United States. As the Supreme Court made clear in Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23, it is the illegal agreement to violate the laws of the United States which constitutes the gravamen of an illegal conspiracy. The mere fact that one of the statutes alleged as an object offense to the 1946 conspiracy count can no longer be prosecuted because self-incrimination is a complete defense does not vitiate the fact that McCutcheon pled guilty to agreeing to violate two still valid federal criminal statutes. The fact that one of the objects of the conspiracy is no longer subject to prosecution does not mean that the crime of conspiracy itself is no longer an offense against the United States. Cf. United States v. Albanese, 2 Cir. 1955, 224 F.2d 879, 881.

The foregoing analysis leads us to conclude that Count One of the 1946 conviction remains a valid federal offense, while Count Eight is void as a matter of federal constitutional law.

*The Effect of the Admission of the 1946 Conviction at the 1962 Trial*

The lower court ordered that McCutcheon be returned to the state trial court for resentencing without use of the 1946 federal conviction for the purposes of enhancement. To support the order of the lower court, McCutcheon places heavy reliance upon Beto v. Stacks, 5 Cir. 1969, 408 F.2d 313. *Stacks* was an extension by this Court of the doctrine of Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. In *Burgett*, the Supreme Court held that the introduction of pre-*Gideon* convictions of uncounseled defendants for the purposes of enhancement · in a Texas one-stage recidivist trial was inherently prejudicial and required a new trial on the issue of guilt or innocence. Beto v. Stacks extended the *Burgett* rule to the introduction at a one-stage Texas recidivist trial of a conviction which was subsequently determined to have been obtained in violation of the Fourth Amendment. McCutcheon's position, then, is that any

subsequent constitutional invalidity in a conviction which was previously introduced at a Texas one-stage recidivist trial renders that trial inherently prejudicial and that hence a new trial is constitutionally mandated.

■ Spencer v. Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, the immediate predecessor of Burgett v. Texas, supra, emphasized that the state in a one-stage recidivist trial has a valid interest in introducing evidence of prior convictions for the purpose of enhancement of punishment that outweighs the latent prejudice in such "other crime" evidence. Thus, only when a conviction which is definitely or presumptively void as a matter of federal constitutional law is introduced at a one-stage recidivist trial does the jury's knowledge of the void conviction become such an infectious influence on the determination of guilt or innocence that a new trial must be awarded. Burgett v. Texas, supra; Beto v. Stacks, supra.

■ Since the 1946 conviction is still valid as to the conspiracy count (Count One), we are unwilling to extend the per se rule of Burgett v. Texas, supra, and Beto v. Stacks, supra, to this case. We read *Burgett* and *Stacks* as requiring no more than that the introduction at a one-stage Texas recidivist trial of a conviction which is subsequently and retroactively determined to be totally void as a matter of federal constitutional law mandates a new trial on the issue of guilt. On the other hand, Spencer v. Texas, supra, affirmed the basic interest of the state in the introduction of valid prior convictions in a one-stage recidivist trial.

Here, the presentation to the jury of the 1946 federal conviction apprised the jury that in 1946 McCutcheon had pled guilty to a felony violation of the laws of the United States. Because the conspiracy count of the 1946 conviction has continuing validity, the basic fact before the 1962 assault to rob jury remains unchanged: in 1946 McCutcheon pled guilty to a federal felony. It was this basic fact of a federal conviction which the state of Texas was entitled to present to the jury in 1962, Spencer v. Texas, supra. The subsequent determination of constitutional infirmity of one segment of that conviction does not subsequently negate that state interest. We do not have here a situation where McCutcheon suffered anew from a deprivation of his federal constitutional rights, Beto v. Stacks, supra, at 318. Rather, the 1962 jury was apprised only as to a basic fact which the state was entitled to present—that McCutcheon had pled guilty to a valid federal felony. For the reasons stated, we reject the fundamental holding of the district court that "it is clear from the record that there is a constitutional defect in both the conspiracy and substantive counts of the indictment in the prior federal felony conviction used for enhancement."

■ McCutcheon also contends that without Count Eight, the conviction under Count One alone in the 1946 federal narcotics trial cannot be used to enhance his sentence as a matter of Texas law. We do not view this proposition as rising to the level of a federal constitutional deprivation. It should be advanced to the courts of Texas. We have determined that while the conviction under Count Eight of the 1946 federal indictment was void, the conviction under Count One stands as a valid federal offense. The Texas courts are qualified to state authoritatively whether under Texas law the conviction under Count One standing alone could properly be utilized to enhance McCutcheon's 1962 sentence.

Reversed.