222 P.3d 129 (2009)
STATE of Washington, Respondent,
v.
JOSE DANIEL TRUJILLO, Appellant.
No. 27351-2-III.
Court of Appeals of Washington, Division 3.
December 10, 2009.
*130 Susan Marie Gasch, Gasch Law Office, Spokane, WA, for Appellant.
Edward Asa Owens, Grant County Prosecutor's Office, Ephrata, WA, for Respondent.
SWEENEY, J.
¶ 1 This appeal follows a conviction for possession of cocaine. The defendant challenges the authority of the police to arrest and search him during an investigation of a report of domestic violence. He does so directly, for the first time on appeal, and, obliquely, as a claim of ineffective assistance of counsel. We conclude that the police had ample probable cause to arrest the defendant, no matter how the assignment of error is couched. And we affirm the conviction.

FACTS
¶ 2 Sergeant Brian Jones of the Moses Lake Police Department and two deputies from the Grant County Sheriff's Office responded to a 911 call of a domestic disturbance around 2:00 a.m. on November 14, 2007. The caller reported that a man was beating a woman in front of a Moses Lake house. The caller updated the dispatcher with a report that the man had taken the woman inside the house and closed the door, while the police were en route. Sergeant Jones arrived at the house. He saw stuff scattered around the front yard, including lipstick, mascara, a pack of cigarettes, and a lighter. Sergeant Jones repeatedly knocked on the front door and called out for someone to respond. Jose Trujillo eventually opened the door.
¶ 3 Sergeant Jones asked what was going on in the house. Mr. Trujillo turned away and started back into the house. The sergeant grabbed Mr. Trujillo by his arm. Mr. Trujillo tensed up. Sergeant Jones placed Mr. Trujillo in handcuffs. Mr. Trujillo gave the sergeant permission to search him. Sergeant Jones frisked him for weapons. The sergeant felt objects on Mr. Trujillo, including what he assumed were packages of powdered cocaine, but he found no weapons. *131 Another deputy located a woman in the house, Sarah Steffler. Ms. Steffler appeared disheveled and upset. Her eyes were red and puffy, and her mascara was streaked. She had been crying. And she had leaves and grass in her hair. Both Mr. Trujillo and Ms. Steffler were intoxicated; Ms. Steffler was highly intoxicated.
¶ 4 Mr. Trujillo shared his version of the events with the officers. Ms. Steffler refused to talk to the police. Sergeant Jones noticed that the nail on her left pinky finger was torn down to the flesh and the finger was bleeding.
¶ 5 The sergeant then arrested Mr. Trujillo for fourth degree assaultdomestic violence. Mr. Trujillo informed Sergeant Jones that he had about a half ounce of cocaine in his pocket. The sergeant searched Mr. Trujillo and gathered the baggies of cocaine and other items from Mr. Trujillo's pockets.
¶ 6 The State charged Mr. Trujillo with possession of a controlled substance other than marijuana (cocaine) and assault in the fourth degreedomestic violence. The State later added a count of possession with intent to manufacture or deliver cocaine.
¶ 7 The case proceeded to a jury trial. The State presented its case. Mr. Trujillo then moved to dismiss the fourth degree assault charge. He agreed there was probable cause for the arrest but asserted that there was no further evidence presented to support the assault charge and therefore the evidence was insufficient. The trial court agreed and dismissed the fourth degree assault charge. Mr. Trujillo also moved to dismiss the charge of possession of cocaine with intent to deliver. The court refused to dismiss that charge.
¶ 8 The jury found Mr. Trujillo guilty of possession of a controlled substance other than marijuana (cocaine) and not guilty of possession with intent to manufacture or deliver cocaine.

DISCUSSION

WARRANTLESS ARREST
¶ 9 Mr. Trujillo challenges the constitutional propriety of his arrest for the first time on appeal. He argues that police arrested him without the requisite probable cause and that this is a manifest constitutional error that we should review in the first instance. The State responds that Mr. Trujillo waived any right to challenge the propriety of his arrest when he agreed in the trial court that the police did have probable cause to arrest him.
¶ 10 Whether Mr. Trujillo may first contest on appeal the legality of his warrantless arrest is a question of law that we review de novo. State v. Womac, 160 Wash.2d 643, 649, 160 P.3d 40 (2007).
¶ 11 Both state and federal courts have declined to address search and seizure issues first raised on appeal in the face of a waiver in the trial court. Division Two of this court recently cited 12 federal appellate cases that support the proposition that a failure to object or move to suppress on the basis of an unreasonable search or seizure waives the claim on appeal. State v. Millan, 151 Wash.App. 492, 497-98, 212 P.3d 603 (2009). And, of course, we generally do not review an error not raised in the trial court. RAP 2.5(a). Attacks on probable cause do not qualify for one of the exceptions to this rule: "a defendant waives the right to challenge the trial court's admission of evidence gained by an illegal search or seizure by failing to move to suppress the evidence at trial." Millan, 151 Wash.App. at 499, 212 P.3d 603; see also State v. Silvers, 70 Wash.2d 430, 432, 423 P.2d 539 (1967); State v. Baxter, 68 Wash.2d 416, 423, 413 P.2d 638 (1966); State v. McFarland, 73 Wash.App. 57, 72, 867 P.2d 660 (1994), aff'd, 127 Wash.2d 322, 899 P.2d 1251 (1995); State v. Tarica, 59 Wash.App. 368, 372-73, 798 P.2d 296 (1990), overruled on other grounds by McFarland, 127 Wash.2d 322, 899 P.2d 1251; State v. Valladares, 31 Wash.App. 63, 76, 639 P.2d 813 (1982), rev'd in part on other grounds, 99 Wash.2d 663, 672, 664 P.2d 508 (1983). Mr. Trujillo waived his right to directly attack the legality of his arrest because he failed to object or move to suppress evidence at trial. Millan, 151 Wash.App. at 500, 212 P.3d 603. And just as importantly here, Mr. Trujillo acknowledged that the police had probable cause. Report of Proceedings at 80, 165.

*132 INEFFECTIVE ASSISTANCE OF COUNSELWARRANTLESS SEARCH
¶ 12 Mr. Trujillo next urges us to review the propriety of the warrantless search by claiming that his trial lawyer should have challenged the arrest and search in the trial court and was ineffective for not doing so.
¶ 13 His challenge presents a question of law that we will, again, review de novo. State v. S.M., 100 Wash.App. 401, 409, 996 P.2d 1111 (2000).
¶ 14 McFarland, 127 Wash.2d 322, 899 P.2d 1251, is helpful. There, the court addressed this question: "May a defendant challenge a warrantless arrest for the first time on appeal, in the context of an ineffective assistance of counsel claim?" McFarland, 127 Wash.2d at 332, 899 P.2d 1251. The court ultimately concluded that the appellants could not first raise on appeal a claim of constitutional error based on their lawyers' failures because the two appellants could not demonstrate from the record that the trial courts would likely have granted any suppression motion and therefore
[n]either McFarland nor Fisher has demonstrated actual prejudice resulting from counsel's failure to move for suppression of evidence obtained following a warrantless arrest. Without a showing that the defendant's rights were actually affected by the alleged constitutional error, the alleged error is not "manifest" under RAP 2.5(a)(3), and the claimed error may not be raised for the first time on appeal.
Id. at 338, 899 P.2d 1251.
¶ 15 To prevail on his ineffective assistance of counsel claim, Mr. Trujillo must show both that his lawyer's work was deficient and that he was prejudiced by the failures. State v. Thomas, 109 Wash.2d 222, 225-26, 743 P.2d 816 (1987). A defense lawyer performs deficiently when his or her representation falls below an "objective standard of reasonableness based on consideration of all of the circumstances." Id. at 226, 743 P.2d 816. An appellant must show that "`there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); McFarland, 127 Wash.2d at 334-35, 899 P.2d 1251. If either part of the test is not satisfied, the inquiry need not proceed further. State v. Hendrickson, 129 Wash.2d 61, 78, 917 P.2d 563 (1996).
¶ 16 Here, Mr. Trujillo does not show that he was prejudiced by the performance, even were we to assume that his lawyer's efforts were deficient. The officer had probable cause to arrest when he was aware of facts and circumstances, based on reasonably trustworthy information, sufficient to give him reason to believe a crime had been or was being committed. State v. Greene, 97 Wash.App. 473, 478, 983 P.2d 1190 (1999). He did not need evidence sufficient to prove each element of the crime beyond a reasonable doubt. State v. Knighten, 109 Wash.2d 896, 903, 748 P.2d 1118 (1988); see also State v. Terrovona, 105 Wash.2d 632, 643-44, 716 P.2d 295 (1986). Facts and circumstances need only point to the probability of criminal activity. Illinois v. Gates, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Seagull, 95 Wash.2d 898, 907, 632 P.2d 44 (1981).
¶ 17 Sergeant Jones responded to a report of domestic violence by a man against a woman at a particular house. He went to that house. Sergeant Jones saw evidence of a struggle in the front yard. The man who answered the door refused to respond to questions about what was going on in the house that evening. Another deputy located Ms. Steffler. She was the only other person in the house. She looked distraught and disheveled, with puffy eyes and leaves and grass in her hair. She had been crying. Her finger was bleeding from a recently torn nail. A deputy sheriff then interviewed the 911 caller. Sergeant Jones concluded he had probable cause to arrest based on all of this. We agree; he did. Indeed, he was required to arrest based on this. RCW 10.31.100(2)(c) *133 and RCW 10.99.030(6)(a) require arrest if he believed Mr. Trujillo assaulted a household member within the preceding four hours.
¶ 18 Ultimately, any challenge to the arrest and subsequent search would have been futile. And there was, then, no actual prejudice occasioned by his lawyer's failure/refusal to make the motion to suppress. McFarland, 127 Wash.2d at 338, 899 P.2d 1251.
¶ 19 We affirm the conviction.
WE CONCUR: KULIK, A.C.J., and KORSMO, J.