

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37229-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EDWARD V. LASHKEY, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Edward Lashkey[1] appeals his conviction for first degree trespass.

He argues (1) insufficient evidence supports his conviction, (2) the trial court erroneously

failed to answer a jury question, (3) counsel was ineffective for not objecting on the jury

question issue, and (4) the court improperly imposed a criminal filing fee. We affirm

Mr. Lashkey's conviction but reverse imposition of the filing fee.

---

[1] We note that Mr. Lashkey has several known aliases: Edward V. Lashkay, Anatoliy V. Lashkay and Eduard V. Lashkay. We use the name on his information and note that he signed the judgment and sentence as "Eduard Lashkey."

FACTS

The State charged Edward Lashkey with residential burglary after officers found his fingerprint on the exterior of a burgled home's backdoor. The backdoor, exiting into a fenced backyard accessible only through a closed gate, was broken-in, items were missing from the home, and a box of tacks was spread over the bedroom floor.

At trial, Mr. Lashkey admitted he was at the residence on the afternoon of the burglary, but claimed he did nothing more than enter the yard and knock on the back door. According to Mr. Lashkey, he was intoxicated at the time and mistakenly thought the property was that of a friend.

During deliberations, the jury asked the court whether first degree criminal trespass included unlawful entrance into the fenced backyard. With the agreement of the parties, the trial court directed the jury back to their instructions. Mr. Lashkey was acquitted of burglary, but convicted of first degree criminal trespass. After the verdict, several jurors made comments to the prosecutor and trial court that they felt the State had failed to prove beyond a reasonable doubt Mr. Lashkey entered the burgled home. Mr. Lashkey was given a suspended sentence with credit for time served. The court also imposed a $200 criminal filing fee.

Mr. Lashkey appeals.

ANALYSIS

*Sufficiency of the evidence*

Mr. Lashkey contends the State failed to produce sufficient evidence to justify his trespass conviction. First degree trespass requires proof that the defendant entered the interior portion of a residence. RCW 9A.52.070(1). Mr. Lashkey claims the evidence only showed he entered the back yard.

Viewing the evidence in the light most favorable to the State, *State v. Larson*, 184 Wn.2d 843, 854-55, 365 P.3d 740 (2015), the jury had ample evidence to justify a first degree trespass conviction. According to the State's witnesses and exhibits, the door to the residence had been pried open and approximately $2,000 worth of property had been stolen. Fingerprint evidence and Mr. Lashkey's own admission placed Mr. Lashkey at the residence on the afternoon of the burglary. The jury was not required to accept Mr. Lashkey's testimony that he did not go inside. The State's evidence was sufficient.

Mr. Lashkey argues that a jury question and comments made after the verdict are evidence that the State failed to prove its case. This argument rests on a flawed premise. The test for evidentiary sufficiency is objective, focusing on whether rational jurors could

3

have found sufficient evidence to convict. "The individual or collective thought processes leading to a verdict 'inhere in the verdict' and cannot be used to impeach a jury verdict." *State v. Ng*, 110 Wn.2d 32, 43, 750 P.2d 632 (1988) (quoting *State v. Crowell*, 92 Wn.2d 143, 146, 594 P.2d 905 (1979)). The jury's question and comments are irrelevant to Mr. Lashkey's argument.

*Due process*

At trial, the court instructed the jury that a conviction for first degree criminal trespass required the State to prove Mr. Lashkey entered or remained in a "building." The court also defined "building" as follows: "For purposes of the crime of criminal trespass first degree, the term building means a building in its ordinary sense." Clerk's Papers (CP) at 48. During deliberations, the court received a jury question that read, "Is criminal trespass unlawfully getting into the backyard without permission?" Report of Proceedings (RP) (Nov. 7, 2019) at 356; CP at 32. In response, the trial court told the jury to refer to their instructions. Mr. Lashkey's attorney agreed with this response.

Mr. Lashkey contends his due process rights were violated by the trial court's failure to provide an additional instruction defining "building." He argues we should

review this issue under RAP 2.5(a)(3) as a manifest constitutional error. The State

counters that Mr. Lashkey has not met the standard for review under RAP 2.5(a)(3). We

agree with the State.

Under RAP 2.5(a), the Court of Appeals may generally refuse to review a claim of

error that was not preserved at trial. An exception applies for a "manifest error affecting a

constitutional right." RAP 2.5(a)(3). A manifest error is an "'error that is plain and

indisputable, and that amounts to a complete disregard of the controlling law or the

credible evidence in the record.'" *State v. O'Hara*, 167 Wn.2d 91, 100 n.1, 217 P.3d 756

(2009) (quoting BLACK'S LAW DICTIONARY 622 (9th ed. 2009).

Mr. Lashkey has not shown manifest error. The trial court's instructions advised

the jury on all elements of first degree trespass, including the requirement of entry into an

ordinary building. *See State v. Joseph*, 189 Wn.2d 645, 653, 405 P.3d 993 (2017).

Posttrial feedback suggests some jurors may have been confused about the difference

between a fenced area and an ordinary building. But any such confusion was not the fault

of the court or the court's instructions. As our Supreme Court has held, the explanation

that first degree trespass requires unlawful entry into an ordinary building is "a descriptor

that needs no further definition." *Id*.

We decline review of Mr. Lashkey's unpreserved due process claim under

RAP 2.5(a)(3).

*Assistance of counsel*

Mr. Lashkey contends his trial attorney was ineffective in failing to request an

instruction clarifying the definition of "building." Our response to this argument is

essentially the same as that discussed above. The trial court's instructions were as clear as

what was contemplated by the Supreme Court's analysis in *Joseph*. It would have been

futile for defense counsel to demand further explanation. Defense counsel did not behave

deficiently in failing to object. *See State v. Trujillo*, 153 Wn. App. 454, 460-61, 222 P.3d

129 (2009) (no ineffective assistance where objection would have been futile).

*Court costs*

Mr. Lashkey contends he is indigent, and therefore RCW 36.18.020(2)(h)

prohibited the trial court from imposing a $200 criminal filing fee. The State counters that

Mr. Lashkey was not indigent, based on the trial court's findings. We agree with Mr.

Lashkey.

At sentencing, the court engaged Mr. Lashkey in the following colloquy:

> [THE COURT:] Sir, are you presently employed? When was the last
> time you were employed?
> THE DEFENDANT: Couple years back.

6

> THE COURT: Why is it that you would not be able to work?
> THE DEFENDANT: Just haven't found a job yet.
> THE COURT: But you are capable of working?
> THE DEFENDANT: Yeah.
> THE COURT: All right. You're not receiving any Social Security benefits or any disability?
> THE DEFENDANT: No.
> THE COURT: I'm not going to make a finding of indigency in this case based on the conversation and colloquy. It appears he has the ability to work, so I will impose the $700 . . . .

RP (Nov. 19, 2019) at 378.

RCW 36.18.020(2)(h) prohibits the trial court from imposing a $200 filing fee on a defendant who is indigent as that term is defined by RCW 10.101.010(3)(a)-(c). Included in the definition of indigence is someone who has "an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level." RCW 10.101.010(3)(c). A defendant who meets the criteria set forth at RCW 10.01.010(3)(a)-(c) must be considered indigent regardless of voluntary unemployment or ability to work.

The trial court's colloquy revealed Mr. Lashkey was not working at the time of sentencing and that he had not been working for a couple of years. He therefore qualified as indigent under RCW 10.101.010(3)(c) regardless of ability to work. Imposition of the $200 fee must be stricken.

7

CONCLUSION

The judgment of conviction is affirmed. This matter is remanded with instructions to strike the $200 criminal filing fee.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Staab, J.

_____
Fearing, J.