# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86994-9-I |
| Respondent, | |
| v. | DIVISION ONE |
| I.O., | UNPUBLISHED OPINION |
| Appellant. | |

FELDMAN, J. — I.O., a minor, appeals his adjudication in juvenile court for knowingly possessing cannabis in violation of the uniform controlled substances act. He argues we should vacate the adjudication and remand for a new trial because (a) the evidence the trial court relied upon should have been suppressed and (b) he was denied his right to effective assistance of counsel. Because I.O.'s first argument fails on waiver grounds and the second fails on the merits, we affirm.

On February 14, 2024, I.O. drove his car to the Centralia High School parking lot. Mike Lowrey, the Centralia School District Security Coordinator, saw I.O. exit the car, hold an item up to his mouth as if he was "smoking something," and then put that item into what "looked to be the little pocket console on the door" of the vehicle. School staff contacted I.O.'s mother, and Lowrey detained I.O. until

she arrived. Together, Lowrey and I.O.'s mother searched the vehicle and discovered a jar containing a "green, leafy substance," which was later determined to be cannabis. I.O. was charged with knowingly possessing cannabis in violation of RCW 69.50.4103(1), (2), and (6). Following a bench trial, I.O. was adjudicated guilty of the charged offense. This timely appeal followed.

I.O. argues the search of his vehicle violated his rights under article I, section 7 of the Washington State Constitution and the Fourth Amendment of the United States Constitution. The State responds that I.O. waived his right to challenge the legality of the search of his vehicle by not raising the issue below. As the State notes, this court generally will not consider issues raised for the first time on appeal. RAP 2.5(a); *State v. Williams*, 159 Wn. App. 298, 312, 244 P.3d 1018 (2011). Notwithstanding that rule, a defendant may raise a claim of error for the first time on appeal if it is a manifest error affecting a constitutional right. RAP 2.5(a)(3); *State v. Gordon*, 172 Wn.2d 671, 676, 260 P.3d 884 (2011). "In order to benefit from this exception, 'the appellant must identify a constitutional error and show how the alleged error actually affected the [appellant]'s rights at trial.'" *Gordon*, 172 Wn.2d at 676 (quoting *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009)). To ascertain whether this exception is applicable, "It is proper to 'preview' the merits of the constitutional argument to determine whether it is likely to succeed." *State v. Kirwin*, 165 Wn.2d 818, 823, 203 P.3d 1044 (2009) (quoting *State v. Walsh*, 143 Wn.2d 1, 8, 17 P.3d 591 (2001)).

The court succinctly stated the legal principles that govern the legality of the search of I.O.'s car in *State v. A.S.*, 6 Wn. App. 2d 264, 268-69, 430 P.3d 703 (2018), as follows:

> Under both the state and federal constitutions, a government actor must obtain a warrant supported by probable cause to conduct a search unless an exception applies.U.S. CONST. amend. IV;WASH. CONST. art. I, § 7; [*State v.*] *Meneese*, 174 Wn.2d [937, 943, 282 P.3d 83 (2012)]. The exceptions to the warrant requirement are "'jealously and carefully drawn.'" *State v. McKinnon*, 88 Wash.2d 75, 79, 558 P.2d 781 (1977) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971) (partial plurality opinion)).
>
> One of these exceptions is the "school search exception," which allows school authorities to conduct a search of a student without probable cause if the search is reasonable under all the circumstances. *State v. B.A.S.*, 103 Wash. App. 549, 553, 13 P.3d 244 (2000). "A search is reasonable if it is: (1) justified at its inception; and (2) reasonably related in scope to the circumstances that justified the interference in the first place." *Id.* (citing *New Jersey v. T.L.O.*, 469 U.S. 325, 341, 105 S. Ct. 733, 83 L. Ed. 2d 720 (1985)). "Under ordinary circumstances, a search of a student by a teacher or other school official will be 'justified at its inception' when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." *T.L.O.*, 469 U.S. at 341-42, 105 S. Ct. 733 (footnote omitted). And, a search will be permitted in scope "when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." *Id.* at 342, 105 S. Ct. 733.

I.O. does not challenge the scope of the search. Instead, he claims "the facts known to Mr. Lowrey were insufficient to support a reasonable belief that I.O. was committing a crime or violating school policy."

The record belies I.O.'s argument. As Lowrey testified at trial, he saw I.O. exit his car, hold something up to his mouth as if he was "smoking something," and then put that item into what "looked to be the little pocket console on the door" of

the vehicle. Critical to this analysis, and wholly ignored by I.O. in his appellate brief, RCW 28A.210.310(1) provides:

> To protect children in the public schools of this state from exposure to the addictive substance of nicotine, each school district board of directors shall have a written policy mandating a prohibition on the use of all tobacco products on public school property.

The Centralia School District has such a policy, which provides:

> Any use of such products and delivery devices by staff, students, visitors and community members shall be prohibited on all school district property, including all district buildings, grounds and district-owned vehicles, and within five hundred feet of schools. Possession by or distribution of tobacco products to minors is prohibited.

Centralia School Board Policy 4215. Thus, when Lowrey saw I.O. appear to smoke something and then put that item in his car, Lowrey had reasonable grounds to suspect that a search of the car would turn up evidence that I.O. had violated or was violating both Washington law and the rules of the school. Because I.O. has not demonstrated manifest constitutional error with respect to the search of his vehicle, he has waived appellate review of this claimed error.

Recognizing that his lawyer failed to argue in the trial court that the search of his car was unlawful, I.O. raises an ineffective assistance of counsel claim. Specifically, he argues "It was ineffective assistance of counsel for I.O.'s trial attorney to fail to move to suppress all evidence discovered pursuant to his unlawful seizure." To prevail on this claim, I.O. "must show both that his lawyer's work was deficient and that he was prejudiced by the failures." *State v. Trujillo*, 153 Wn. App. 454, 460, 222 P.3d 129 (2009). But where any challenge to a search "would have been futile," there is "no actual prejudice occasioned by [the] lawyer's failure/refusal to make the motion to suppress." *Id.* at 461. As the above

discussion shows, a motion to suppress the evidence discovered during the search of I.O.'s car would have been futile.  I.O.'s ineffective assistance of counsel claim thus fails the prejudice prong.

Affirmed.

Feldman, J.

WE CONCUR:

Coburn, J.          Smith, J.